[No. 5993.]

# ROSINA ALLEN v. GEO. O. TIFFANY.

GUARDIAN AND WARD—JURISDICTION OF PROBATE COURT OVER ACCOUNTS.— The Probate Judge has exclusive jurisdiction to determine the state of accounts between the guardian and ward. An action against the guardian for default will not lie in the District Court until after an accounting and settlement in the Probate Court.

APPEAL from the District Court of the Seventeenth Judicial District, Los Angeles County.

The plaintiff brought this action as the ward of one Temple against the defendant and others to recover upon the bond for the failure of Temple to account for various sums of money received as guardian of plaintiff. The complaint was subsequently amended so as to proceed against Temple alone, but did not allege that any effort had been made to compel an accounting

in the Probate Court. The defendant filed a general demurrer, which was overruled. Judgment was rendered for the plaintiff, and the defendant appealed.

*Bicknell & White,* for Appellant.

*T. H. Smith* and *E. M. Ross,* for Respondent.

By the COURT:

Section 1754 of the Code of Civil Procedure provides that certain conditions shall form part of the bond of a guardian appointed by the Probate Judge, "without being expressed therein."

Among these are those mentioned in the third subdivision of the section, which reads as follows:

"3. To render an account, on oath, of the property, estate, and moneys of the ward in his hands, and all proceeds or interests derived therefrom, and of the management and disposition of the same, within three months after his appointment, and at such other time as the Court directs, and at the expiration of his trust to settle his accounts with the Probate Judge, or with the ward if he be of full age, or his legal representatives, and to pay over and deliver all the estate, moneys, and effects remaining in his hands or due from him on such settlement, to the person who is lawfully entitled thereto."

The purpose of the provisions of the Code is that the Probate Judge shall retain the supervision and direction of the guardian and of his management of the person and estate of the ward until discharged by the appointing power.

Within a reasonable time after the ward arrives at full age, the statute provides that the guardian may settle his accounts with the ward; but, considering the previous relations of the parties, it is not to be supposed that it was the intention that such settlement should of itself constitute a discharge, or that it should not be subject to the approval or disapproval of the Probate Judge, prior to the discharge by him. The Probate Judge has exclusive jurisdiction to determine the state of accounts between the guardian and ward. The ward may

agree upon a settlement with the guardian, subject to the approval of the Probate Judge, or may apply for a citation compelling the guardian to settle his accounts before the Probate Judge. But to hold that prior to such accounting before the Probate Judge, or to his order at proving the settlement *in pais*, the ward may bring suit in the District Court for a supposed balance, would destroy the symmetry and efficiency of the system furnished by our law for the appointment and conduct of guardians of infants.

It appears on the face of the complaint that plaintiff made no attempt to compel an accounting in the Probate Court before bringing the present action. The demurrer to the complaint should therefore have been sustained.

Judgment reversed and cause remanded, with directions to sustain defendant's demurrer to plaintiff's complaint.