[No. 7,123.—Department One.]
June 26, 1882.

C. CHAQUETTE, ADMINISTRATOR ETC., v. JEAN ORTET.

SURETIES OF ADMINISTRATOR—ACTION FOR ACCOUNTING—EQUITY.—Where an administrator dies without rendering an account, jurisdiction to compel an accounting vests in the appropriate Court of Equity; and it would seem that the adjustment of the account by that Court is a prerequisite to an action against the sureties.

ID.—ID.—ID.—JUDGMENT AGAINST PRINCIPAL—MAXIM.—In such an action, where the sureties were made parties, but were afterwards dismissed, upon their objection by demurrer to being joined, the decree is conclusive against them, and they can not be heard to object that they were not parties. To this the maxim *alligans contraria non est audiendus* applies.

ID.—ID.—ID—JUDGMENT.—BREACH OF BOND.—The judgment, in such an action, does not come within the provisions of Section 1504, C. C. P., requiring a copy of the judgment to be filed among the papers of this case, but, so far at least as the enforcement of the payment, it directs against the estate of the deceased, it is to be regarded in the light of a decree of the Probate Court settling the account and directing payment; and the failure of the administratrix of the administrator to make the payment constitutes a breach of the bond, for which the sureties are liable.

JUDGMENT—PLEADING.—In pleading a judgment, it is sufficient to allege that the same remains unpaid and in full force. It is unnecessary to allege that the judgment was never appealed from.

APPEAL by the defendant, Jean Ortet, from a judgment for the plaintiff, in the Superior Court of the City and County of San Francisco.

*A. D. Splivalo* and *Edward J. Pringle*, for Appellant.

The decree against the administrator was not conclusive against the sureties. Upon this question there has been much conflict of authority. But this Court has reached a conclu-

sion upon the general principle involved, which greatly reduces the field of discussion.  (*Pico* v. *Webster,* 14 Cal. 204; *Irwin* v. *Backus,* 25 id. 222.)

All the cases which hold these accounts of a Probate Court or Ordinary's Court to be conclusive upon the surety, base their decisions either upon the character of the tribunal, to whose proceedings the executor or administrator is a *quasi* party, or upon the terms of the contract as presumed to contemplate a settlement of accounts in that particular tribunal. The rule is wholly different and the aspect is wholly changed in the case of an ordinary suit at law or in equity, which acts only upon those who are made parties to it.  (Brandt on Suretyship and Guaranty, secs. 496, 524; *Thomson* v. *Mac-Gregor,* 11 Reporter, 203; *Estate of Schroeder,* 46 Cal. 304.)

The complaint does not establish a *devastavit* against the principal.  Admitting the conclusiveness of the judgment, it only establishes the fact that the deceased administrator had received funds of the estate of his intestate.  But the plaintiff has done nothing to collect the amount of the judgment, or to establish that it can not be collected.  He can not issue execution, but his duty in that behalf was to "file in the Probate Court, a certified transcript of the judgment" under Section 1504 C. C. P.  *Non constat,* but that upon such filing payment would be made.  Until such filing, payment could not properly be made, or the deceased administrator proved to have been faithless to his trust.

It does not appear that the decree against the administratrix is not liable to be set aside on motion for new trial, and it does appear that it is liable to be reversed for error. Hence, it can not conclude the rights of the surety.

*A. W. Thompson* and *Baggett & Platt,* for Respondent.

In the absence of fraud or collusion, the sureties on the bond of Mitchell were concluded by the judgment against his estate.  They were concluded by their contract.  The surety upon an administrator's bond expressly makes his liability depend on the event of a litigation to which he is not a party, and stipulates to abide the result.  By his contract he makes himself privy to the proceedings against his principal.  (*Estate of Aveline,* 53 Cal. 259; *Irwin* v. *Backus,* 25 id. 222,

225; *Fox* v. *Minor*, 32 id. 124; *Riddle* v. *Baker*, 13 id. 306; *Pico* v. *Webster*, 14 id. 205; *Stovall* v. *Banks*, 10 Wall. 588; *Ralston* v. *Wood*, 15 Ill. 170; *Shepard* v. *Pebbles*, 38 Wis. 378; *Casoni* v. *Jerome*, 58 N. Y. 321, 322; *Thayer* v. *Clark*, 48 Barb. 255; *Schofield* v. *Churchill*, 72 N. Y. 569; *Willey* v. *Paulk*, 6 Conn. 75; *Towle* v. *Towle*, 46 N. H. 434; *Fay* v. *Ames*, 44 Barb. 333; Baylies on Sureties and Guarantors, 140, 141, 400; Brandt on Suretyship, 532, 533, 534; Freeman on Judgments, 180.)

The condition of the bond in the case at bar was that the administrator should "faithfully execute the duties of his trust according to law." This was in the language of the statute, Section 1390, C. C. P. (Williams on Executors, 596; C. C. P., §§ 942, 965.)

They were concluded, though the record does not show that they were nominally parties. A prior judgment may be conclusive upon others than those nominally parties to the record. This rule is made, not so much with a view to possible future controversies, but that matters once at issue should be finally determined. There must be some other ground for refusing to allow a former judgment to be conclusive, than the bare fact that the record does not show that the parties sought to be bound thereby were parties. (*Valentine* v. *Mahoney*, 37 Cal. 389; *Heard* v. *Lodge*, 20 Pick. 53; S. C., 32 Am. Dec. 197; *State* v. *Coste*, 36 Mo. 437, 438; *Boyd* v. *Caldwell*, 4 Rich. (S. C.) 120; *Stovall* v. *Banks*, 10 Wall. 588; *Holley* v. *Acre*, 23 Ala. 608; *Jones* v. *Ritter*, 56 id. 282; *Irwin* v. *Backus*, 25 Cal. 222; *Estate of Aveline*, 53 id. 259; *Brown* v. *Balde*, 3 Lans. 288, 290.)

The record shows that, in the original suit against the administratrix of the estate of Mitchell, the sureties on the bond of Mitchell were made parties, and that they were dismissed from the suit on their own motion. They were not necessary parties. (*Brown* v. *Balde*, 3 Lans. 287.) They were improperly made parties. In proceedings against an administrator for an account and final settlement of the estate, the sureties in the administration bond are not proper parties. Their liability is upon the bond alone. (Baylies on Sureties and Guarantors, 390; *Smith* v. *Everett*, 50 Miss. 575; *Willey* v. *Paulk*, 6 Conn. 75.)

Appellant claims that the complaint should have been held bad on demurrer, because it did not show a *devastavit*, and quotes Brandt on Suretyship, 494. This question is very ably discussed in *Hobbs* v. *Middleton*, 1 J. J. Marsh. (Ky.) 184. The Court said, in regard to this theory of appellant's, viz., that a *devastavit* can only be established by two suits; that two judgments must be obtained against the principal before the security can be sued: "It is sustained by no known principle of law, and is inconsistent with all analogy and all reason." * * * (C. C. P., §§ 1649, 965; *Young* v. *Duhme*, 4 Metc. [Ky.] 244; *McCalla's Adm'r* v. *Patterson*, 18 B. Mon. 207; *Jeeter* v. *Durham*, 6 J. J. Marsh. 231; Baylies on Sureties and Guarantors, 137, 138.)

There is no force in appellant's point that the complaint should have alleged, that the judgment rendered by the District Court was filed in the Probate Court. (*O'Gorman* v. *Lindeke*, 1 N. W. Rep. 843.) There is no force in appellant's point that the complaint should have alleged that the judgment had become final, and had not been reversed. The judgment set forth in the complaint was a final judgment. (*Stovall* v. *Banks*, 10 Wall. 588; *Belt* v. *Davis*, 1 Cal. 137; *Housh* v. *People*, 66 Ill. 181; *Estate of Stott*, 52 Cal. 403.)

*Edward J. Pringle*, for Petitioner on rehearing.

The chief point relied on by the appellant in this case was, that a Court of Equity, being the only tribunal competent to settle his accounts, "should either join all the parties in interest in one suit and settle their common and respective rights, or, if their rights are such that they can not be the subject of a common action, they must be adjudicated separately."

This point is disposed of in the decision of the case by holding that "the appellant was afforded an opportunity to be heard," inasmuch as he had been made a party to the action, and upon his own objection was dismissed therefrom. And the Court decides that he shall not be permitted to "blow hot and cold."

We respectfully submit that this application of the maxim, "*allegans contraria non est audiendus*" can not possibly be appropriate or just, and that it should not be allowed to

become authority. The maxim is of course founded upon the doctrine of estoppel. (See Broom's Leg. Max., 7th ed., 169.) And there is no instance in all the learning upon the subject of estoppel, nor any possible reason, why a man should be held to be estopped from claiming that he is not ·bound by a decision to which he was not a party merely because he objected that he was not a proper party, and upon such objection was adjudged not to be a proper party.

When this defendant interposed as a defense in law to the equity suit the plea that he was improperly joined with another defendant, the doctrine of "*allegans contraria, etc.,*" prevents him from saying· afterwards that he was properly joined; but that is all.

In view of the above familiar principles it will be manifest that, so far from the appellant being estopped, by his objections sustained in the other suit, from contesting the finality as against himself of that decision, the effect of the estoppel is just the other way. For when a Court decides that the surety is not a proper party to a bill in equity brought against the administrator of his principal to settle the accounts of the deceased, it is an adjudication to the effect that the judgment shall not conclude him. For, to a bill in equity, all persons interested are proper parties; and when the decision is made and, right or wrong, becomes final, that the surety is not a proper party to a settlement of accounts, that decision inevitably means that he is not to be concluded by such settlement.

ROSS, J.:

Eugene Herteman died intestate. T. A. Mitchell was appointed administrator of his estate, and the appellant became surety on his bond. Mitchell died intestate, without having filed any account of his administration of Herteman's estate, and Elizabeth Mitchell was appointed administratrix of the estate of T. A. Mitchell. Subsequently a bill in equity was filed by the respondent herein, as administrator of the estate of Herteman against Elizabeth Mitchell, administratrix, for an accounting of the doings of T. A. Mitchell as administrator of the estate of Herteman. To this bill the sureties on the bond of Mitchell, including the appellant, were made parties.

The sureties (including the appellant) demurred to the bill, and objected to being joined with the administratrix in the action, which objection was sustained by the Court, and, thereupon, they were dismissed therefrom.  The action proceeded against the administratrix, and resulted in a decree stating and settling the account, by which it was ascertained and determined that the estate of Mitchell was indebted to the estate of Herteman in the sum of eight thousand four hundred and eighty-two dollars and fourteen cents, in gold coin of the United States, for money received by Mitchell as administrator of the estate of Herteman, with interest, over and above all just charges, claims, and disbursements; and judgment was entered in favor of the plaintiff for that sum. In the complaint in the present action, which is brought against Mitchell's sureties, it is averred that the judgment just mentioned is in full force, and that no payment thereon or upon the indebtedness of Mitchell to the estate of Herteman has ever been made, but the whole thereof remains unpaid; that the estate of Mitchell is insolvent, and that there has never been any property of his estate available for the payment of said indebtedness, and that the plaintiff has exhausted all means at his command to collect the said indebtness from his estate, but has been unable to do so; and these averments stand admitted by the pleadings.  The Court below held the decree in the case of the administrator of the estate of Herteman against the administratrix of the estate of Mitchell conclusive against Mitchell's sureties; and this ruling constitutes the principal ground of the appeal.

The liability of the surety depends upon the liability of the principal, and does not attach until that of the latter has been determined by the judgment of a Court of competent jurisdiction.  During the life-time of the administrator, the surety could not be sued until the status of the account had been fixed by decree of the Probate Court. (*Allen* v. *Tiffany*, 53 Cal. 16.)  But when the liability of the principal thus became fixed, that of the surety also attached, and upon the failure of the principal to pay the money, an action could have been maintained against the surety.  In such case the decree of the Probate Court would have been conclusive upon the status of the account, as respects the sureties as well as

the administrator. (*Irwin* v. *Backus*, 25 id. 222.) Here, the administrator having died without rendering an account, jurisdiction to compel an accounting on the part of his representative, vested in the appropriate Court of Equity (*Bush* v. *Lindsey*, 44 id. 125); and carrying the doctrine of *Allen* v. *Tiffany*, *supra*, to its logical conclusion, the adjustment of the account by that Court was pre-requisite to an action against the sureties. If in such action for the settlement of the account of the principal the sureties were entitled to be heard, the appellant in the present case was afforded that opportunity; for he, together with the other sureties on the administrator's bond, was made a party to the bill in equity, and upon his own objection was dismissed therefrom. He now objects that he can not be bound by a judgment rendered in an action to which he was not a party, and that he is entitled to be heard upon the question whether or not his principal was indebted to the estate of which he was administrator. To this we think the maxim *allegans contraria non est audiendus* applies. That maxim expresses, in technical language, the trite saying of Lord Kenyon, that a man shall not be permitted to " blow hot and cold " with reference to the same transaction, or insist, at different times, on the truth of each of two conflicting allegations, according to the promptings of his private interest. (Broom's Legal Maxims, page 130, and authorities there cited.)

The decree of the District Court determined that T. A. Mitchell held in his hands, at the time of his death, eight thousand four hundred and eighty-two dollars and fourteen cents belonging to the estate of Herteman, and accordingly awarded judgment against his administratrix for that sum. There is no provision of the statute, that requires a copy of such a judgment to be filed in the Probate Court, as a prerequisite to its payment by the administratrix. Indeed, there is no provision of the statute providing for the settlement of the account of an administrator who dies before rendering an account. It is because of the absence of such statutory provision, that the right and duty to compel such accounting belongs to a Court of Equity. (*Bush* v. *Lindsey*, 44 Cal. 125.) The decree of a Court of Equity in such a case does not come within the provisions of Section 1594 of the Code of

Civil Procedure, nor within the decision in the *Matter of the Estate of Schroeder,* 46 Cal. 304; but so far, at least, as the enforcement of the payment it directs against the estate of the intestate, it is to be regarded in the light of a decree of the Probate Court settling the account and directing payment. The Court of Equity, taking the place of the Probate Court for the purpose of settling the account, takes its place, also, in the matter of directing payment out of the estate, of the amount it finds to be due from it. When it was thus determined that the estate of appellant's principal was indebted to the estate of which he was administrator, for moneys received by him and unexpended, and payment thereof was directed, it became the duty of the administratrix of the estate of the administrator to make the payment, and her failure to do so constituted a breach of the bond sued on, for which the sureties are liable. (*Stovall* v. *Banks,* 10 Wall. 588.)

The point that the complaint in the present action should have alleged that the decree of the equity Court was never appealed from, is not well taken. The complaint charges that that decree remains unpaid and in full force, which is sufficient. (Freeman on Judgments, Secs. 432–3–4, and authorities there cited.)

Judgment affirmed.

McKINSTRY and McKEE, JJ., concurred.