[S. F. No. 1806.  Department One.—December 26, 1901.]

JACOB REITHER, Administrator, etc., Respondent, v. DAVID MURDOCK et al., Appellants.

PRINCIPAL AND SURETY—ADMINISTRATOR'S BOND.—The general rule is, that the liability of the sureties on the bond of an administrator or guardian depends on the liability of the principal, and does not attach until the latter has been ascertained and determined by a court of competent jurisdiction.

ID.—REMOVAL OF ABSCONDING ADMINISTRATOR—EX-PARTE ACCOUNTING BY SUCCESSOR—DECREE NOT CONCLUSIVE.—Where an administrator was removed, as having absconded without an accounting, and subsequently, in a proceeding to which he was not made a party, the newly-appointed administrator rendered an account, *ex parte*, purporting to embrace moneys and property unaccounted for by the removed administrator, neither he nor his sureties are bound by the decree settling such account.

ID.—AUTHORITY OF ATTORNEY TO APPEAR—UNSUPPORTED FINDING.— Under an issue raised by the pleadings, as to whether authority was given by the removed administrator to an attorney to appear for him upon the settlement of the accounts of his successor, it required affirmative evidence to support a finding as to such authority; and, in the absence of such evidence, the finding is unsupported.

ID.—AUTHORITY TO BIND CLIENT.—An attorney cannot bind a client by any of the steps in an action or proceeding, except by his agreement, filed with the clerk, or entered upon the minutes of the court.

ID.—PARTIES TO ACCOUNTING—APPEARANCE BY ATTORNEY FOR REMOVED ADMINISTRATOR.—The removed administrator, not having been a party to the accounting, an attorney could not appear for him, so as to bind him by the decree settling the account of his successor.

ID.—LIMITED JURISDICTION OF PROBATE COURT—SETTLEMENT OF ACCOUNTS—STATUTORY MODE.—The probate court has only a limited and statutory jurisdiction; and can only settle the accounts of administrators or guardians in the manner prescribed by the code.

ID.—ABSENCE OR DEATH OF PRINCIPAL—ASCERTAINMENT OF LIABILITY— CIVIL ACTION—PARTIES.—Where an administrator or guardian dies or absconds, or is beyond the jurisdiction of the court, the proper method, in order to ascertain whether he is liable, so as to bind the sureties on his official bond, is by a civil action, in which the sureties must be made parties, and have an opportunity to be heard.

APPEAL from an order of the Superior Court of Santa Clara County denying a new trial.  A. S. Kittredge, Judge.

The facts are stated in the opinion of the court.

C. D. Wright, for Appellants.

J. C. Black, for Respondent.

VAN DYKE, J.—This is an action upon an administrator's bond against the defendant Murdock, as administrator, and the other defendants, as sureties on his bond. The appeal is taken by the defendant Whitney, one of the sureties. The action was dismissed as to the defendant Murdock, and default entered as against Frutig. The main contest in the court below, on the part of the defendant Whitney, was, that it never had been ascertained that an account of defendant Murdock, the administrator, had ever been rendered or settled by the court, and hence, as surety, he was not liable. This is also the main contention on the appeal. The general rule is, that a liability of a surety on an administrator's or guardian's bond depends upon the liability of the principal, and does not attach until that has been ascertained and determined by the judgment of a court of competent jurisdiction. This rule has been repeatedly announced and affirmed in this court. (*Allen* v. *Tiffany*, 53 Cal. 16; *Chaquette* v. *Ortet*, 60 Cal. 594; *Spencer* v. *Houghton*, 68 Cal. 82.)

David Murdock was appointed administrator of the estate of his father, John Murdock, in May, 1894, and executed the bond on which the suit in question is brought, as such administrator. In April, 1896, the probate court issued a citation, demanding of said David Murdock that he present and file an account. It is recited in the findings that on the eighteenth day of March following, W. A. Bowden, an attorney of said court, appeared as attorney of Murdock, and in open court represented and stated that said Murdock had absconded and could not be found. Thereupon, on the 18th of March, 1896, the court made an order revoking his letters of administration, and appointed the plaintiff, Jacob Reither, administrator of said estate of John Murdock, deceased. Reither qualified and entered upon the discharge of his duties as administrator on the 6th of April, 1896. Thereafter, on January 12, 1897, Reither, as such administrator, filed an account, verified by himself, purporting to embrace moneys and prop-

erty unaccounted for by said David Murdock, the former administrator. The findings state that such account was set down for hearing, and thereafter continued until the —— day of February, 1897; and also it is found that, before the continuance, and at the hearing of said account, William A. Bowden, the attorney of said administrator, appeared in open court for the said David Murdock, the former administrator of said estate; and that thereafter the account was referred to a referee, who stated an account and reported the same, upon which the court adjudged David Murdock, as administrator of said estate, was indebted to the same, over and above all credits, in the sum of $1,467.31, and the said David Murdock was ordered forthwith to pay over the same, which he failed to do.

David Murdock never rendered any account whatever, and the allegation in the complaint is, that William A. Bowden, his attorney, appeared on the hearing and settlement of the account of the plaintiff, Reither, as administrator. In the answer of the appellant it is directly denied that Bowden, as attorney for David Murdock, appeared in open court on the hearing of said account, or that he was authorized or empowered to appear, or that he acted as attorney for Murdock in any way whatever after he had absconded, which was before the appointment of the plaintiff as his successor. The plaintiff, as a witness in his own behalf, on the trial, stated that he knew David Murdock, but did not know where he was. "The court made no order directing me to file the account. I filed it as administrator by direction of my attorney. He prepared it from the information I gave him. I got it from different sources, and did the best I could." And the deputy county clerk of Santa Clara County, and clerk of the probate department, testified, without any objection, as follows: "There has been no agreement filed in the office of the county clerk of Santa Clara County, or any appearance entered upon the minutes of the superior court therein, or otherwise, in the matter of the estate of John Murdock, deceased, or filed with the clerk, whereby W. A. Bowden has appeared for, or in any way represented or purported to represent, or in any way bound or attempted to bind, David Murdock as the former administrator of the estate of John Murdock, deceased, as his attorney or otherwise, since the fourth day of February, 1896; that since

the order was made appointing Jacob Reither administrator of said estate of John Murdock, deceased, no order for citation has been made by this court or a judge thereof, and no citation has been issued addressed to said former administrator, David Murdock, or requiring him, as such administrator or otherwise, to file an account of his administration of the estate of said John Murdock, deceased, nor an order made or filed directing Jacob Reither to file an account for the former administrator of said estate; nor was there a consent to the appointment of F. S. Laine as referee filed by said former administrator of said estate, or an agreement filed or entered upon the minutes of the court by any person in his behalf consenting thereto.'' The finding of the court that Bowden appeared and represented Murdock in the settlement of the account of the present administrator, the plaintiff, has no support whatever in the evidence, but is directly contrary thereto. By way of justification of such finding, as it were, it is recited in another so-called finding that on the trial of the present case no evidence was introduced to show that Bowden was not an attorney or authorized to appear for David Murdock, or that he did appear and act for him in said matter; and, therefore, it is said: ''In the absence of such testimony or evidence, I find that said Bowden appeared and acted for and represented said Murdock as his attorney in the said matter, by his authority.'' An issue was raised by the pleadings in the case as to the authority of Bowden to appear or act as Murdock's attorney, or at all, in the premises, and it required affirmative evidence, and not a mere absence of evidence, to justify a finding in support of the affirmative of that issue. Besides, Murdock was not a party to the proceeding in the settlement of the account of his successor, the plaintiff, although that account purported to be a statement of his transactions as administrator. It affirmatively appears that he never rendered or filed an account, and that no notice or summons whatever was ever issued or served upon Murdock in the matter; and, without being a party to the proceeding, or having his day in court, neither he nor his sureties on his bond were bound by the decree of the probate court settling the account of his successor in administration. (*Spencer* v. *Houghton,* 68 Cal. 82.) ''The liability of the surety depends upon the liability of the principal, and does not attach until that of the latter has been determined by

the judgment of a court of competent jurisdiction." (*Chaquette* v. *Ortet,* 60 Cal. 594.) Not being a party to the proceeding, an attorney could not appear for him. The attorney has authority "to bind his client in any of the steps of an action or proceeding by his agreement, filed with the clerk or entered upon the minutes of the court, and not otherwise." (Code Civ. Proc., sec. 283.) The probate court has only a limited jurisdiction, and its proceedings therein are regulated and governed entirely by statute. It can only settle the accounts of administrators or guardians in the manner prescribed by the code. Where an administrator or guardian dies or absconds, or is beyond the jurisdiction of the court, the proper method, in order to ascertain whether he is liable, and to what extent, so as to bind the sureties on his official bond, is by a proceeding in the nature of a civil action, wherein the sureties are made parties, and have an opportunity to be heard. (*Spencer* v. *Houghton,* 68 Cal. 82; *Chaquette* v. *Ortet,* 60 Cal. 594.)

The order appealed from is reversed, and the superior court is directed to grant a new trial.

Harrison, J., and Garoutte, J., concurred.

A petition for a hearing in Bank having been filed, the following opinion thereon was rendered on the 25th of January, 1902:—

THE COURT.—The petition for a rehearing is denied. There can be no doubt that in this action, under proper pleadings, the responsibility of the sureties may be determined and fixed. But this cannot be done upon such evidence as was here introduced,—that is, the order of the probate court settling the account of the present administrator. Neither the former administrator nor the sureties were parties to that proceeding. They did not have their day in court, and the decree so given cannot bind them in the present action.