O'SULLIVAN, ADMR., APPELLANT, v. ALEXANDER ET AL., RESPONDENTS.

(No. 5,582.)

(Submitted January 8, 1925. Decided March 27, 1925.)

[234 Pac. 1099.]

*Executors and Administrators—Suretyship—Action on Bond When Premature—Probate Courts—Jurisdiction.*

District Court—Probate Jurisdiction.
    1.  The district court sitting in probate has primary and plenary jurisdiction over the administration of estates of deceased persons.
Executors and Administrators—Sureties—Action at Law to Recover Assets of Estate Does not Lie Until Settlement of Account.
    2.  An action at law to recover from an administrator and his surety a money judgment for assets in the hands of the former does not lie until after accounting and settlement had in the probate proceedings.
Courts—Court First Acquiring Jurisdiction Retains It to End of Litigation.
    3.  Where two courts—the district court and that court sitting in probate—have equal jurisdiction over a controversy and the parties, the court which first acquires jurisdiction may continue its exercise to the end of the litigation.
Probate Courts—Power to Issue Process.
    4.  The district court sitting in probate has the same jurisdiction in the matter of issuing process, under sections 10295 and 10361,

[73 Mont. 12.]

Revised Codes of 1921, as has the district court; hence superior authority of the district court in that regard cannot be urged as a reason for invoking its jurisdiction, rather than that of the probate court, in an action against an administrator who had removed from the state, and his surety, to recover assets of the estate prior to settlement of the former's account.

Executors and Administrators—Settlement of Account Proceeding *in Rem.*

5. The settlement and allowance of an administrator's account is a proceeding *in rem* and can be made in his absence if he should refuse to respond to statutory service of process.

Executors and Administrators—Liability of Surety Arises, When.

6. The liability of the surety on an administrator's bond does not arise until default of the latter in the performance of the duties enjoined upon him by law.

*Appeal from District Court, Wheatland County; Wm. L. Ford, Judge.*

ACTION by Emmet O'Sullivan, as administrator of the estate of John Springer, deceased, against James G. Alexander and another. From a judgment on an order sustaining defendants' demurrers to the complaint, plaintiff appeals. Affirmed.

*Mr. L. R. Daems* and *Mr. Emmet O'Sullivan,* for Appellant, submitted a brief; *Mr. O'Sullivan* argued the cause orally.

Where the administrator has fled and is not within the court's jurisdiction, the supreme court of Kansas has held that it is proper to bring an action against the former administrator and his sureties on their bond without the necessity of citing him to appear or without the court determining his liability. (*American Surety Co.* v. *Piatt,* 67 Kan. 294, 72 Pac. 775; *Toffler* v. *Kessinger,* 80 Kan. 549, 102 Pac. 1097.) Even in California, where the courts have held that one should first cite the former administrator to appear and to make an accounting, on the grounds that service on the former administrator can be had by publication if necessary, the courts have inferentially held that where the administrator absconded or is beyond the jurisdiction of the court, one may, by proper pleading in a proceeding in the nature of a civil action, sue the former ad-

6. What constitutes breach of bond of executor or administrator, see note in 51 **Am. Dec.** 525.

ministrator and his sureties in order to determine the liability
of the administrator and fix the amount thereof. (*Reither* v.
*Murdock,* 135 Cal. 197, 67 Pac. 784.)   The following cases and
authorities lay down the same rule as that pronounced by the
California court in *Reither* v. *Murdock:* 24 C. J. 1086, sec.
2602; 24 C. J. 1089, sec. 2610;   1 Church on Probate, p. 673;
*Fuller* v. *Cushman,* 170 Mass. 286, 49 N. E. 631; *Bailey* v.
*McAlpin,* 122 Ga. 616, 50 S. E. 388; *McDonald* v. *People,* 222
Ill. 325, 78 N. E. 609; *Potter* v. *Ogden,* 136 N. Y. 384, 33 N. E.
228; *Equitable Surety Co.* v. *Sapp,* 77 Okl. 221, 187 Pac.
917; *Fassbender* v. *American Surety Co.,* 66 Misc. Rep. 6, 122
N. Y. Supp. 442.

*Mr. W. C. Husband* and *Mr. N. R. Barncord,* for Respond-
ents, submtted a brief; *Mr. Husband* argued the cause orally.

The supreme court of California in construing a section sim-
ilar to our section 10295, Revised Codes of 1921, has repeatedly
held that an action will not lie against an administrator and
the sureties on his bond until the liability of such adminis-
trator has first been judicially determined in the probate pro-
ceedings in which the bond was given. (*Graff* v. *Mesmer,* 52
Cal. 636; *Allen* v. *Tiffany,* 53 Cal. 16; *Estate of Aveline,* 53
Cal. 259, 260; *Chaquette* v. *Ortet,* 60 Cal. 594; *Ashurst* v.
*Fountain,* 67 Cal. 18, 6 Pac. 849; *Weihe* v. *Statham,* 67 Cal.
245, 7 Pac. 673; *Radovich's Estate,* 74 Cal. 536, 5 Am. St. Rep.
466, 16 Pac. 321; *Trumpler* v. *Cotton,* 109 Cal. 250, 41 Pac.
1033; *Reither* v. *Murdock,* 135 Cal. 197, 67 Pac. 784; *Cook* v.
*Ceas,* 143 Cal. 221, 77 Pac. 65; *Nickals* v. *Stanley,* 146 Cal.
724, 81 Pac. 117.)   This procedure was early established and
followed in many jurisdictions. (*Adams* v. *Petrain,* 11 Or. 304,
3 Pac. 163; *Hudson* v. *Barratt,* 62 Kan. 137, 61 Pac. 737;
*Patten* v. *Patten,* 79 N. H. 388, 109 Atl. 415; *Reed* v. *Hume,*
25 Utah, 248, 70 Pac. 998; *Planters' Mutual Ins. Assn.* v.
*Harris,* 96 Ark. 222, 131 S. W. 949; *Pennington* v. *Newman,* 36
Okl. 594, 129 Pac. 693; *Statham* v. *Brooke,* 140 Ark. 187, 215
S. W. 581; *Probate Court* v. *Carr,* 20 R. I. 592, 40 Atl. 844.)

HONORABLE BEN B. LAW, District Judge, sitting in place of MR. JUSTICE GALEN, absent on account of illness, delivered the opinion of the Court.

James G. Alexander was appointed administrator of the estate of John Springer, deceased, on December 20, 1918, in Wheatland county, and on the same day qualified with the American Surety Company of New York, as his surety on his official bond. On January 5, 1924, the district court, sitting in its probate jurisdiction for Wheatland county, upon a show-ing that Alexander had removed permanently from the state, made an order revoking his letters of administration and re-moving him from office. The plaintiff, O'Sullivan, was, in January, 1924, appointed administrator *de bonis non*, and immediately qualified. Alexander, on December 13, 1921, and on April 8, 1923, respectively, filed annual accounts of his administration, but no action had been taken, as provided by law, prior to his removal to have the accounts heard and approved.

The plaintiff alleges that Alexander, as such administrator, between December 20, 1918, and January 31, 1919, collected and received assets of the estate, consisting of money and personal property, amounting to $3,696.88, and that he had neglected to account therefor and had converted said sum to his own use. A demand upon Alexander and his surety, made on January 22, 1924, and their refusal to pay over the assets of the estate to the plaintiff is then alleged. The prayer is for a money judgment for the amount sued for, and interest at the rate of eight per cent from January 31, 1919. The appeal is from a judgment on an order sustaining defendants' separate demurrers to the complaint.

Joint demurrers were filed by defendants. Permission to withdraw them was granted, and each defendant later filed separate demurrers, each of which were sustained by the district court, attacking the complaint upon various grounds, to two of which, *viz.*, that the court has no jurisdiction of the subject of the action and that the complaint does not state

facts sufficient to constitute a cause of action, it will be necessary only to give attention. The consideration of these two grounds of demurrer naturally raises the question whether the plaintiff in his official capacity can maintain this action before Alexander has settled his accounts with the court sitting in probate.

It is the contention of the plaintiff that because the defendant Alexander is without the territorial jurisdiction of the court, in the exercise of its probate jurisdiction, it has no authority to enforce settlement of the accounts of the former administrator, and, consequently, he is obliged to resort to an action at law in the district court for redress.

It must be conceded that in this state a district court sitting [1] in probate has primary and plenary jurisdiction over the administration of estates of deceased persons. Persons desiring letters of administration on estates of deceased persons may apply to and receive their authority from the probate jurisdiction of the court. Executors, administrators and guardians must conform to the orders made by that court as such, must account thereto for all their transactions, and before they may be completely released from liability on their official bonds they must seek and receive a decree from that court settling and approving their final accounts. The legislature has provided for processes to compel obedience to the lawful orders of the court and the execution of its decrees.

The authority of Alexander, as administrator, was revoked [2] because he had permanently removed from the state. The plaintiff in this case was appointed to succeed to the administration of the estate. Section 10295 of the Revised Codes of 1921, provides that: "When the authority of an executor or administrator ceases, or is revoked for any reason, he may be cited to account before the court or judge, at the instance of the person succeeding to the administration of the same estate, in like manner as he might have been cited by any person interested in the estate during the time he was executor or administrator." While this court has not had an opportunity

to place a construction upon this section of our Probate Code, it did in *Berkin* v. *Marsh,* 18 Mont. 153, 56 Am. St. Rep. 565, 44 Pac. 528, concede for the purposes of the decision in that case, that a cause of action against the sureties on the bond of a guardian did not arise until the confirmation of the guardian's final account in the probate jurisdiction of the court.

The supreme court of California, in construing an identical section of the Probate Act of that state, has held repeatedly and consistently, since the case of *Graff* v. *Mesmer,* 52 Cal. 636, that the district court sitting in probate has exclusive jurisdiction to determine the state of the accounts between guardian and ward, and of executors and administrators, and that actions at law in the district court against guardians, executors and administrators, and their bondsmen, will not lie until after accounting and settlement in the probate proceedings. (See *Allen* v. *Tiffany,* 53 Cal. 16; *Chaquette* v. *Ortet,* 60 Cal. 594; *Trumpler* v. *Cotton,* 109 Cal. 250, 41 Pac. 1033; *Reither* v. *Murdock,* 135 Cal. 197, 67 Pac. 784; *Nickals* v. *Stanley,* 146 Cal. 724, 81 Pac. 117; *King* v. *Chase,* 159 Cal. 207, 115 Pac. 207; *Hudson* v. *Barratt,* 62 Kan. 137, 61 Pac. 737.)

From the reasoning of these authorities, we may conclude that the legislature has conferred upon the probate jurisdiction of the district court the exclusive province of settling accounts of guardians, executors and administrators, and has granted the necessary authority to compel seasonable and proper settlements. It may be suggested that if the rule were otherwise, a suit against the sureties on the administrator's bond in the district court would necessarily involve the settlement of the administrator's accounts in a court of law before a jury, or in equity before the judge; and unless we are to grant that the district court, as such, has a superior original jurisdiction over proceedings in probate, the principal and sureties might find themselves confronted with two judgments conflicting in amounts and character, and involving the same subject matter. Even though we concede concurrent jurisdiction to the district

[3]  court, the universal rule is that where two courts have equal jurisdiction over the controversy and the parties, the court which first acquired jurisdiction is entitled to continue its exercise to the end.

Some courts have held that, where the processes of the [4]  court in probate proceedings are inadequate to compel or secure a proper settlement of the account of the administrator, as when the administrator has absconded or is beyond the jurisdiction of the court and there is no provision for constructive service, a court of equity will assume jurisdiction and secure a settlement of the account. (*American Surety Co.* v. *Piatt,* 67 Kan. 294, 72 Pac. 775; *Chaquette* v. *Ortet, supra; Reither* v. *Murdock, supra.*)  In *King* v. *Chase, supra,* however, the supreme court of California held that, where processes were available to give the court sitting in probate jurisdiction to finally settle the accounts of the administrator, a court of equity would not assume jurisdiction over the estate and settle the account.

This is not an action in equity; it is an action at law, and necessarily involves the settlement of the accounts of Alexander. Our state Constitution and statutes have conferred this jurisdiction primarily, if not exclusively, upon the district court sitting in the exercise of its probate jurisdiction only.  The fact that the administrator is beyond the jurisdiction of the court is of no consequence.  The settlement and allowance of [5]  the account is a proceeding *in rem,* and can be made in the absence of the administrator or executor, should he refuse to respond to statutory service of its lawful process.  Section 10295, Revised Codes of 1921, authorizes the issuance of a citation to the removed executor or administrator upon the application of his successor.  Section 10361 authorizes the service of a citation in the same manner as the service of the summons in a civil action.  The court sitting in probate, therefore, has been granted the same jurisdiction possessed by the district court with reference to the service of jurisdictional processes, and, accordingly, the appellant cannot urge the superior author-

ity of the process of the district court as a reason for invoking its jurisdiction.

Why should the court sitting in probate surrender or be divested of its jurisdiction over the unsettled estate? Is there any existing reason for the interference of the district court? The administrator has not refused to account. The appellant has not requested or demanded that he account; his demand is that Alexander pay over and surrender the entire estate. The questions of allowance and payment of claims, expenses of administration, compensation of administrator and possibly allowance and payment of fees for his attorneys, are matters for consideration of the court sitting in probate, and matters which Alexander is entitled to have adjusted in that jurisdiction before surrendering possession of the estate to his successor.

The liability by the surety does not arise until default by [6] the administrator in the performance of the duties enjoined by law. No good reason can be urged why the surety on the executor's or administrator's bond should be required to answer in court and be embarassed with litigation, until default has been made by either officer on the obligation. If an accounting is had in the probate jurisdiction of the court, and Alexander makes complete and satisfactory settlement and delivers over to his successor all the property and assets of the estate in his hands for which he is accountable, there will be no necessity for litigation with the sureties upon the bond in a court of law, and, consequently, no reason for invoking the jurisdiction of the district court.

If there be any exceptions to the primary and exclusive jurisdiction of the court sitting in probate over the administration of estates and the accounting of executors and administrators, they must necessarily be special, limited—in equity, and not at law.

The judgment appealed from is affirmed.

*Affirmed.*

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES HOLLOWAY, STARK and MATTHEWS concur.