CAMPBELL, Respondent, v. DUNCAN, et al, Appellants.

(242 N. W. 916.)

(File No. 7165.   Opinion filed June 2, 1932.)

*Williamson, Smith & Williamson*, of Aberdeen, for Appellants.
*Roger Campbell* and *Fletcher & Fletcher*, all of Aberdeen, for Respondents.

ROBERTS, J.   The defendant Henry O. Duncan was appointed special administrator of the estate of Samuel Leroy Duncan, deceased, on March 7, 1923, in Brown county, and on the same day qualified with the Fidelity & Deposit Company of Maryland as surety on his official bond.   Samuel Leroy Duncan was employed as a mechanic in the yards and shops of the Chicago, Milwaukee & St. Paul Railway Company at Aberdeen, S. D.   In the course of his employment he suffered an injury from which he died, leaving surviving him a widow and three minor daughters.   The railway company acknowledged its liability under the Workmen's Compensation Law of this state for the death of such employee and paid to the defendant, as special administrator, the sum of $3,000. On March 19, 1923, defendant Henry O. Duncan filed his report in the county court of Brown county showing the receipt of $3,000 from the railway company and certain disbursements, and reported a balance on hand of $2,875.

On the petition of two of the daughters of the deceased, the plaintiff was appointed on December 8, 1928, as general administrator and immediately qualified.   Thereafter and on the 15th day

of December, 1928, the plaintiff, as general administrator, commenced this action to recover from the defendant and his surety the sum of $2,875, alleging that the defendant as special administrator, reported such amount on hand after the payment of certain expenses, and also alleging a demand upon defendant Duncan and his refusal to make payment of such balance to the plaintiff.

No order was ever entered by the county court of Brown county directing the defendant Duncan as special administrator to make disbursement of the compensation. The defendant Duncan, however, claims to have deposited the money in a bank which later became insolvent; that he paid to the dependents of Samuel Leroy Duncan all interest received by him upon the money; and that he also paid for the support and maintenance of such dependents all sums received in dividends from the liquidation of the bank except certain small sums expended by him as special administrator in the performance of his duties. Upon the grounds that the plaintiff, as administrator of the property and effects of decedent, had no authority to demand and receive the money paid under the Workmen's Compensation Law (Rev. Code 1919, § 9436 et seq., as amended), that there had been no final accounting in the county court and no order of payment made by that court, and that the plaintiff was not the real party in interest, motion was made for a directed verdict by the defendants, and, upon denial of such motion, plaintiff moved for a directed verdict, which was granted. Judgment was entered thereon, from which defendants appeal.

Defendants first contend that money paid by an employer under the Workmen's Compensation Law for the death of an employee in the course of his employment is for the benefit of the dependents of the deceased employee and constitutes no part of his estate. The compensation paid to defendant administrator is not property that belonged to the decedent in his lifetime, and the beneficiaries derive their right to the compensation, not by inheritance or descent, but acquire the same under the provisions of the Workmen's Compensation Law. The fund is not a part of decedent's estate. In re Arneberg's Estate, 184 Wis. 570, 200 N. W. 557; Aetna Life Ins. Co. v. Otis Elevator Co. (Tex. Civ. App.) 204 S. W. 376; Taylor v. Taylor, 232 U. S. 363, 34 S. Ct. 350, 58 L. Ed. 638.

■ The extent of the duties and obligations of a personal representative to whom such money is paid must be determined from a consideration of the provisions of subdivision 6 of section 9458, R. C. 1919, as amended by chapter 420, Laws of 1921, which provides: "The compensation to be paid for injury which results in death, as provided in this section, shall be paid at the option of the employer either to the personal representative of the deceased employee or to his beneficiaries, and shall be distributed to the heirs who formed the basis for determining the amount of compensation to be paid by the employer, the distributees' shares to be in the proportion of their respective dependency at the time of the injury on the earnings of the decedent; provided, that in the judgment of the court appointing the personal representative, a child's distributive share may be paid to the parent for the support of the child. The payment of compensation by the employer to the personal representative of the deceased employee shall relieve him of all obligation as to the distribution of such compensation paid to him by the employer shall be made pursuant to the order of the court appointing him. With the consent and approval of the industrial commissioner, the employer may pay to the surviving widow of a deceased, the compensation payable to such widow and minor children of the deceased without the necessity of the appointment of a guardian for such minor children and payment of such compensation by the employer shall relieve him of all obligation as to the distribution of such compensation so paid. Except in those cases where a lump sum settlement has been made, such approval by the industrial commissioner may be at any time revoked or modified for cause."

■ This statute makes the compensation payable either to the personal representative of the deceased employee or directly to the beneficiaries. If payment is made to the personal representative, he becomes a quasi trustee of the fund for a special purpose; he holds it solely for the benefit of the dependents of the deceased. The language of the amended section, "The payment * * * by the employer to the personal representative of the deceased employe shall relieve him of all obligation as to the distribution of such compensation paid to him by the employer shall be made pursuant to the order of the court appointing him," is somewhat involved. The omission of a portion of the original section may

have resulted from inadvertence, but whatever may have been the reason it does not appear that the Legislature intended to relieve a personal representative of the requirement of making payments pursuant to the order of the court appointing him. The statute has imposed upon a personal representative duties which did not exist under the general laws relating to the administration of the estates of decedents. The intent of the statute is clear. The personal representative does not receive and disburse the money in a capacity separate and distinct from that created by the appointment of the county court. He is required to perform additional duties in his capacity as executor or administrator, and thus becomes charged with the administration of two estates—the property and effects belonging to the decedent at death and the money paid under the Workmen's Compensation Law and derived from the assertion of a claim arising from death.

A special administrator is required to give a bond with sufficient sureties conditioned for the faithful performance of his duties. Section 3274, R. C. 1919. By virtue of the provisions of the Workmen's Compensation Law, a personal representative receives and disburses the fund for the benefit of the dependents of the decedent. He cannot discharge his duty in this respect without paying the money in his hands arising out of the claim to the persons who are entitled thereto or without rendering a true account of his administration. The statute requiring a bond of a special administrator for the faithful performance of his duties is sufficiently broad to include the additional duties imposed upon him by the Workmen's Compensation Law.

In the case of Aetna Cacualty & Surety Co. v. Young, 107 Okl. 151, 231 P. 261, 264, the court had under consideration the liability of a surety upon an administrator's bond for an amount collected as damages for wrongful death. We quote from the opinion of the court the following discussion of the question: "The statutes provide that this suit to recover this money shall be maintained by the personal representative, an officer of the court, and in this case the personal representative is the administratrix of the estate of Al Young, deceased. It was the statutory duty of the administratrix in her official capacity as administratrix and not otherwise to maintain this action. The right and duty to maintain the action includes the right and duty to collect and receive into

her own hands, for distribution, the moneys which the action is brought to recover. Having been appointed such administratrix, no officer or person other than she could do so, and she could do so only in her official capacity. * * * The duties she owed in disbursing this fund were the duties consigned to her by law; they were official because as a private person she had no right to collect the money. These duties then are a part of the statutory obligation of her trust."

■ It remains to inquire by what authority plaintiff can recover the fund in question. Section 3276, R. C. 1919, requires a special administrator to deliver to his successor all the property and effects of the decedent. It must be conceded that the money received by the defendant under the Workmen's Compensation Law, not being a part of the assets of the estate, does not come within the terms of this statute. The defendant administrator acquired possession of the fund, not in his private capacity, but as a personal representative. When a successor was appointed by the county court, the authority of the defendant administrator was terminated and also his right to the fund. The county court had express authority upon the appointment of a successor to require the defendant to account (section 3373, R. C. 1919), and that court, having jurisdiction of the fund until distribution has been made, could order the payment of the amount not disbursed to defendant's successor.

■ Defendants further contend that no action could be maintained against defendant administrator and his surety for money coming into his hands as administrator until there has been a settlement of his accounts in the county court. It is not alleged, and there is no evidence in the record that Duncan as special administrator ever presented a final account, or that the county court ever ordered him to account, or made any order of distribution of the funds in his hands.

Plaintiff contends that the authority of a special administrator is limited to the collection and preservation of the personal estate and the caring for real property; that he has no authority to pay claims against the estate; and that his failure to deliver such property to his successor constitutes a breach of his bond. Attention has been directed to the provisions of section 3276, R. C. 1919, which provides that a special administrator shall deliver to the

executor or general administrator all property and effects of the decedent when letters testamentary or of administration of the estate of the decedent have been granted. We are not here concerned with the property and effects of the decedent, and we need not determine whether or not the failure of a special administrator to deliver such property to his successor would constitute a breach of his bond without an adjustment of accounts by the county court and an order directing delivery or payment.

By express provision of statute the county court has jurisdiction to authorize the disbursement and payment of the money collected under the Workmen's Compensation Law. We are of the view that this fund may be disbursed by a special administrator pursuant to the order of the county court. The statute refers to distribution by the personal representative, and is sufficiently comprehensive to include a special administrator. If there had been an adjustment of accounts and an order directing payment by the county court, failure to comply with the order would constitute a breach of the bond.

In Broast v. Interstate Surety Co, 48 S. D. 581, 205 N. W. 717, this court held that a distributee could institute an action against the administratrix and her surety for failure to pay to the plaintiff his distributive share. The final account had been rendered and approved, and the amount due to the plaintiff had been determined by a decree of distribution. The administratrix failed to make payment to the plaintiff pursuant to the decree of distribution. Whether plaintiff could have prevailed if default had occurred in earlier stages of the administration proceedings was not involved in the action, and the precise question whether an action could be maintained against an executor or administrator and his surety before an adjustment of accounts and order of payment was not considered.

█ It is our conclusion that no action can be maintained on the bond of an executor or administrator for failure to pay over the balance of funds collected under the Workmen's Compensation Law to his successor until after a final settlement or accounting in the county court. Failure to comply with an order of the county court to pay over the balance to his successor constitutes the breach of the bond. 24 C. J. 1086; Reither v. Murdock, 135 Cal. 197, 67 P. 784; O'Sullivan v. Alexander et al, 73 Mont. 12, 143

P. 1099; Hudson v. Barratt, 62 Kan. 137, 61 P. 737; Statham et al v. Brooke, 140 Ark 187, 215 S. W. 581; Lapiedra v. American Surety Co., 247 N. Y. 25, 159 N. E. 710. A breach of the bond was not established, and it follows that the motion of the defendants for a directed verdict should have been granted.

The judgment appealed from is therefore reversed.

POLLEY, WARREN, and RUDOLPH, JJ., concur.

CAMPBELL, P. J., disqualified and not sitting.