# Fulgham *v.* Herstein.

*Bill in Equity by Ward, against Personal Representative of Deceased Surety on Guardian's Bond, for Account and Settlement.*

1. *Guardian and ward; jurisdiction of equity to compel settlement.*—The Chancery Court has original jurisdiction over the settlement of guardian's accounts, and the ward may invoke its jurisdiction, at any time before proceedings have been commenced in the Probate Court, without assigning any special reasons.

2. *Parties to bill for settlement, when guardian is dead, and his estate insolvent.*—In the absence of statutory provisions, the death of the guardian, and the insolvency of his estate, furnish a sufficient reason for the omission to make his personal representative a party to a bill filed by the ward against the surety on his official bond, or the personal representative of the deceased surety, to compel an account and settlement; and the statute now authorizing a suit against one or more of several joint obligors without joining the others (Code, § 3754), such a bill may be maintained without alleging the insolvency of the estate of the deceased guardian.

APPEAL from the Chancery Court of Madison.

Heard before the Hon. N. S. GRAHAM.

The bill in this case was filed on the 10th November, 1884, by John R. Fulgham, an infant, who sued by his next friend, against Mrs. Rosa Herstein, as the executrix of the last will and testament of her deceased husband, Robert Herstein; and sought to compel an account and settlement of the guardianship of the complainant by Leroy P. Walker, deceased, on whose official bond as guardian said Robert Herstein was surety. The bond, a copy of which was made an exhibit to the bill, was dated January 16th, 1874, and was conditioned that the said L. P. Walker "shall well and truly perform all the duties which are or may be by law required of him as such guardian." The bill alleged that said Walker received as guardian, on the 17th January, 1874, the sum of $1,589.80,

[Fulgham v. Herstein.]

assets of his said ward's estate, and other assets subsequently amounting to $2,500; that he made a partial settlement of his guardianship, in the Probate Court of said county (by which court his letters were granted), in November, 1877, when a balance of $1,935.98 was ascertained and decreed to be in his hands, and another in December, 1879, when a balance of $1,914.61 was ascertained to be in his hands; that said Walker in fact converted to his own use, while said bond was in full force, all the assets of the complainant's estate which had come into his hands; that he died in August, 1884, and his estate was insolvent; that said Robert Herstein also died in 1877, and his last will and testament had been duly admitted to probate, of which his widow was appointed executrix and sole devisee. On these facts, as alleged, the bill prayed a final settlement of the guardian's accounts, and a decree against the defendant for the balance ascertained to be due.

The chancellor sustained a demurrer to the bill, on the ground that the personal representative of the deceased guardian was a necessary party defendant; and his decree is now assigned as error.

R. C. BRICKELL, and D. D. SHELBY, for appellant, cited *Moore v. Armstrong*, 9 Porter, 697; *Watts v. Gayle*, 20 Ala. 817; *Frierson v. Travis*, 39 Ala. 150; Code, § 3754; *Teague v. Corbitt*, 57 Ala. 537; *Hailey v. Boyd*, 64 Ala. 399.

CABANISS & WARD, *contra*.—In a suit for the settlement of a trust, the trustee, or legal custodian of the assets of the trust estate, ought to be made a party, if within the jurisdiction of the court. A man may be a faithful trustee, and yet unable to pay his own debts. If the guardian were living, he would certainly be a necessary party to a bill to compel a settlement of his trust; and his insolvency would be no sufficient excuse for his omission. The presumption is, that he kept the assets of his ward's estate separate from his own, and in condition for his administrator to account for them; and the insolvency of his estate does not lessen the duty of his administrator to account for and surrender the assets which may come into his hands. The surety is entitled to demand this surrender, to lessen his own liability; and it can not be compelled, unless the administrator is a party to the suit. The statute relied on (Code, § 3754), it is submitted, is a legislative adoption of the 32d Order of the English Chancery Court, of August, 1841, which has been construed not to apply to cases in which an account of trust funds is to be taken.—1 Dan. Ch. Pl. & Pr., Cooper's ed., 267–9, note 7, and cases cited.

32

[Fulgham v. Herstein.]

CLOPTON, J.—The record presents the single question, whether the personal representative of a deceased guardian, whose estate is alleged to be insolvent, is a necessary party to a bill in equity brought by the ward against the executrix of the surety on the guardian's bond, for a settlement of the guardianship, and for the payment of whatever sum may be ascertained to be due.

Independent and exclusive of statute, the general rule is, that in cases of joint bonds or obligations, all the obligees and obligors must be made parties to the bill. "It has been said, that in regard to the obligors this is only a rule of convenience, and to save those who are severally charged the trouble of a new suit for contribution, against those who are not charged, and not a rule of necessity; and therefore it may be dispensed with in certain cases."—Story Eq. Pl., § 169. The general rule has its exceptions, founded on special grounds of convenience, or necessity. Among these exceptions is the insolvency of one of the obligors, whether principal or surety. The exception may be regarded as general as the rule.—*Madox v. Jackson*, 3 Atk. 405; *Angerstein v. Clarke*, 3 Swanst. 147; *Montague v. Turpin*, 8 Gratt. 453; *Young v. Lyons*, 8 Gill, 162. Under our decisions, an allegation of the insolvency of joint obligors, not made parties, is a sufficient excuse for the omission to make them parties.— *Watts v. Gayle*, 20 Ala. 817.

The Chancery Court retains its original jurisdiction over the settlement of a guardian's accounts; and the ward may invoke the jurisdiction, when no proceedings have been commenced in the Probate Court, without assigning special reasons. In the absence of statutory authority, the Probate Court has no power to compel the personal representative of a deceased guardian to appear and settle his accounts.—*Snedicor v. Carnes*, 8 Ala. 655. The remedy, in such case, is in equity. A suit in equity against the sureties of a guardian is not auxiliary, but an independent, original suit. In order to maintain such suit, it is not necessary that the liability of the guardian should be antecedently ascertained, or that a prior demand should be made upon the guardian, or, if he be dead, upon his personal representative. In *Moore v. Armstrong*, 9 Por. 697, it was held, that when an administrator dies, leaving no property, or having no personal representative in this State, his sureties may be sued alone in equity, before a liability has been fixed upon their principal. And in *Frierson v. Travis*, 39 Ala. 150, which was a bill filed by a ward, against one of the sureties of his guardian, it is said: "It is shown that the guardian, being the principal obligor in the bond, was a non-resident of the State of Alabama, and died in the State of Texas, and that there was no administration upon his estate. With regard

to the other surety not made a party, it appears that he died insolvent. These facts constitute a sufficient excuse, under our decisions, for the failure to make the representatives of the deceased obligors parties." The death of the guardian, and the insolvency of his estate, are alleged, the truth of which is admitted by the demurrer. A decree against his estate would not avail to the relief of defendant; and if the assistance of his personal representative is necessary in taking the account, and should not be voluntarily furnished, it can be compelled by appropriate proceedings.

Such is the rule, in the absence of statutory modification. The general rule has, however, been abrogated by statute. Every bond, by which two or more persons are jointly bound, is declared by statute to be several as well as joint.—Code, § 2905. Under the statutes, an action at law can be maintained separately against any one of several joint obligors. Section 3754 of the Code provides, in reference to proceedings in chancery : " When the plaintiff has a joint demand, he may proceed against one or more of the parties thereto, without joining the others." The purpose of the statute is to assimilate, in this respect, all bonds being joint and several, the practice at law and in equity. Under the statute, the complainant was authorized to bring his bill against the defendant as executrix of a surety, without making the personal representative of the deceased guardian a party, and without assigning any excuse for the omission.—*Teague v. Corbitt,* 57 Ala. 529.

Reversed and remanded.