## TUDHOPE v. AVERY.

GUARDIAN AND WARD—ACCOUNTING.

A guardian who has kept no account of the expense of clothing and maintaining his ward, not having been called upon by the probate court to render annual accounts, may nevertheless be allowed a reasonable sum for such expenditures, if acting in good faith.

Appeal from St. Clair; Vance, J. Submitted June 13, 1895. Decided July 2, 1895.

Bill by Nettie I. Tudhope against Lewis Potts, as surety upon the bond of complainant's deceased guardian, for an accounting in the matter of the guardianship. Defendant died pending a hearing, and the cause was revived in the name of his administrator, Joseph W. Avery. From a decree dismissing the bill, complainant appeals. Affirmed.

*W. M. Cline,* for complainant.

*A. R. Avery* and *J. W. Avery,* for defendant.

GRANT, J. After the decision in *Tudhope v. Potts,* 91 Mich. 490, in which we held that complainant could not maintain a suit at law against the surety until an accounting was had before a proper tribunal, she instituted this suit in equity for such accounting. The case was heard in open court, and decree entered that the guardian received $775, for which she was bound to account; that the expense of clothing and maintenance of her ward was $75 per year, of which one-third was furnished by the ward's grandmother and two-thirds by the guardian; that the guardian was entitled to credit at the rate of $50 per year for such expense; that annual rests be made, charging interest at 7 per cent. per annum until the guardian's death in 1886, and 4 per cent. after that, on account of the benefit accruing to the ward from the occupation of the premises; that she had received $542.90 from the estate of her guardian; that upon this basis the entire trust fund was exhausted, the complainant in debt to her guardian's estate, and that therefore her bill be dismissed.

We think the decree is fully justified by the proofs, which it would be profitless to state in this opinion. This is one of those cases where the guardian kept no account, and was not called upon by the probate court, as she should have been, to render annual accounts. But the

guardian acted in good faith, and $50 per year was a just and reasonable allowance.

Decree affirmed, with costs.

The other Justices concurred.