[S. F. No. 1319.   Department One.—February 2, 1899.]

CLARA J. SLATER, Administratrix, etc., Appellant, v. H. B. McAVOY et al., Respondents.

ESTATES OF DECEASED PERSONS—BOND FOR SALE OF REAL ESTATE—DEATH OF ADMINISTRATOR—ACTION AGAINST SURETIES.—Under section 1586 of the Code of Civil Procedure a subsequent administrator may bring an action against the sureties on the bond of a deceased administrator, given as a condition of exercising authority to sell the real estate of the decedent, where the deceased administrator, after having accounted to the court, showing an unexpended balance of the proceeds of sale, died leaving the same in his hands, and leaving the estate unadministered.

ID.—RECOVERY OF BALANCE ACCOUNTED FOR—PLEADING—ACCOUNTING IN EQUITY.—The complaint in such action cannot sustain a recovery against the sureties of the precise balance of the proceeds accounted for, if it does not allege that the account was final, or otherwise show that the sureties became liable for that precise sum, irrespective of the necessities of any further administration by the deceased administrator; but when the complaint shows that the deceased administrator remained accountable for that sum, and died without accounting for it, it shows jurisdiction in the court as a court of equity to compel an accounting.

ID.—PARTIES TO ACCOUNTING—SURETIES—REPRESENTATIVE OF DECEASED ADMINISTRATOR—PRESUMPTION.—The sureties on the bond of the deceased administrator for the sale of the real estate are proper parties to an accounting in equity for the proceeds of such sale; and where it does not appear that there was any administration of his estate, it must be presumed that he has no personal representative who needs to be joined as a party defendant, or who may be compelled to state an account with the estate represented by the deceased administrator.

ID.—ACTION AGAINST ESTATE OF DECEASED ADMINISTRATOR NOT REQUIRED. No previous action against the estate of the deceased administrator is required as a condition of maintaining an action in equity for an accounting against the sureties upon his bond; and where no personal representative of his estate appears to have been appointed, his sureties are the proper parties to make the settlement.

APPEALS from judgments of the Superior Court of Alameda County.   John Ellsworth, Judge.

The facts are stated in the opinion.

E. Crisp, for Appellant.

John R. Glascock, for Respondents.

BRITT, C.—One Howard Shaw was administrator of the estate of John Evoy, deceased; as such he obtained leave of court to sell certain lands of the estate, and thereupon gave a bond required by the court and provided by statute preliminary to exercising the authority to sell. (Code Civ. Proc., sec. 1389.) The defendants in this action became sureties on such bond—which was executed in January, 1886—and thereby obligated themselves severally, and also jointly with Shaw, that he, "as such administrator, shall faithfully execute the duties of his trust according to law." The sale was made, and afterward, on April 17, 1888, Shaw rendered an account of his administration, showing that he had in his hands an unexpended balance of the proceeds of said sale amounting to three thousand nine hundred and fifty-eight dollars; which account was, a few days later, allowed and settled by the court. On January 9, 1895, Shaw died, leaving the estate unadministered and having never accounted further for the said balance held by him in April, 1888. Thereupon the plaintiff here was appointed administratrix of the estate of Evoy in his stead.

The matters above stated appear, among other things, from the plaintiff's original complaint. The prayer was for judgment against defendants for said sum of three thousand nine hundred and fifty-eight dollars, "or so much thereof as shall be unaccounted for," with interest, et cetera. Certain defendants demurred to the complaint on the ground that it stated no cause of action, and the demurrers were sustained by the court; judgments final were rendered for the demurrants severally, and plaintiff has appealed therefrom. There was an amended complaint served on one only of the defendants, to which a demurrer on the same ground as before was again sustained; all the respondents contend that the amended pleading added nothing to the force of the original, and we shall not notice it further.

"An administrator may, in his own name, for the use and benefit of all parties interested in the estate, maintain actions on the bond of an executor, or of any former administrator of the estate." (Code Civ. Proc., sec. 1586.) Under this statute plaintiff has the right to proceed for the recovery of the assets de-

scribed in her complaint, though at the common law she would have had no capacity to maintain the action. (Woerner's American Law of Administration, secs. 351, 352, 536; *Balch v. Hooper*, 32 Minn. 138; *Giles v. Brown*, 60 Ga. 658.) Now, it may be allowed that the complaint is insufficient to support a recovery of the balance of the money in the hands of Shaw on the settlement of his account in 1888, for the reason that it does not allege such settlement to have been final, or otherwise show that the defendants thereupon became liable for that precise sum irrespective of the necessities of Shaw's further administration. But the complaint does show that Shaw remained accountable for that sum, and that he died without accounting for it. In this state of the case, jurisdiction to compel an accounting from the proper parties vested in the superior court as a court of equity. (*Chaquette v. Ortet*, 60 Cal. 594; *Bush v. Lindsey*, 44 Cal. 125.) The defendants are undoubtedly proper parties to a suit for such accounting. (*Payne v. Hook*, 7 Wall. 425; compare *Powell v. Powell*, 48 Cal. 234.) But they contend that before suing them plaintiff ought to have pursued the personal representative (administrator or executor) of Shaw and have compelled from him a statement and settlement of Shaw's account; at least, that they cannot be brought to account without the presence of Shaw's representative as a party defendant. These objections are untenable. Defendants, as shown above, being proper parties to a suit in equity for a settlement of Shaw's account with the estate of Evoy, of course it cannot be necessary that the account be settled in some other forum or in some other action before proceeding against them. It is unnecessary to decide whether, if administration of the estate of Shaw had been granted, and the complaint so alleged, his executor or administrator would appear to be an indispensable party to this action; nor whether, if that proposition were ruled affirmatively, the demurrers of defendants, which do not go on the ground of any defect of parties, were sufficient to raise the question. For it does not appear from the complaint whether any executor or administrator of Shaw was ever appointed, or, indeed, that he left any estate to be administered. "That which does not appear to exist must be regarded as if it did not exist" (Civ. Code, sec. 3530); and we must assume that he has no personal representative who may be

compelled to state his account with the estate of Evoy. The case is, then, that defendants are severally liable as sureties on a bond conditioned for the performance of a trust undertaken by their principal, which included the duty to account; the principal is dead, there is no administration of his estate, and the account is unstated; it is provided by statute that parties severally liable upon an instrument, including sureties, may all or any of them be included in the same action at the option of the plaintiff. (Code Civ. Proc., sec. 383.) Under these circumstances the right of plaintiff to enforce against defendants an accounting of the transactions of their deceased principal seems to us clear both in reason and authority; in such a case the sureties are the proper parties to make the settlement. (*Tudhope v. Potts,* 91 Mich. 490; *Tudhope v. Avery,* 106 Mich. 149; *Farrington v. Secor,* 91 Iowa, 606; *Fulgham v. Herstein,* 77 Ala. 496; *Moore v. Armstrong,* 9 Port. 697; *State v. Porter,* 9 Ind. 342; *Curtis v. Bailey,* 1 Pick. 198; Woerner's American Law of Administration, sec. 352. See, also, *People v. Jenkins,* 17 Cal. 500; *Commonwealth v. McDonald,* 170 Pa. St. 221; *Martin v. Ellerbe,* 70 Ala. 326.) We have examined the several cases in this court cited by defendants, but do not find that they at all conflict with our conclusion. The judgments should be reversed and the cause remanded, with directions to the court below to overrule the demurrers.

Haynes, C., and Chipman, C., concurred.

For the reasons given in the foregoing opinion the judgments are reversed and the cause remanded, with directions to the court below to overrule the demurrers.

Garoutte, J., Harrison, J., Van Dyke, J.

Hearing in Bank denied.