[S. F. No. 1469.   Department One.—April 11, 1899.]

CLARA M. VANCE, Administratrix, et cetera, Appellant, v.
BERTHA A. SMITH, Administratrix, et cetera, Respondent.

ESTATES OF DECEASED PERSONS—BUILDING ASSOCIATION STOCK—ORDER—
ASSIGNMENT.—An order given by a wife to her husband for the pay-
ment to him of building association stock which would be to
her credit, after the maturity, does not amount to an assign-
ment of the stock; and upon her death before maturity of the
stock, and upon the husband becoming her administrator, and
collecting and receipting for the stock as such administrator,
he is chargeable with the collection of the stock as part of the
estate of the deceased wife.

ID.—ACCOUNTING IN EQUITY WITH ESTATE OF DECEASED ADMINISTRATOR—
CROSS-COMPLAINT.—In an action in equity for an accounting against
the estate of a deceased administrator, where a demurrer was
sustained to a cross-complaint filed by the defendant, and no
amended cross-complaint was filed, and the action was tried
upon the complaint and answer, which were sufficient to justify
the findings of the court with reference to the account, the so-
called cross-complaint may be disregarded as surplusage.

ID.—JUDGMENT AGAINST ADMINISTRATOR OF DECEASED ADMINISTRATOR.—
The judgment rendered in such action against the administrator
of the deceased administrator must be made payable out of his
estate in due course of administration.

APPEAL from a judgment of the Superior Court of Fresno
County.   E. W. Risley, Judge.

The facts are stated in the opinion of the court.

E. E. Shepard, and L. L. Cory, for Appellant.

George B. Graham, for Respondent.

VAN DYKE, J.—Eliza M. Vance died intestate in Fresno
county October 31, 1894, leaving S. L. Vance, her husband, sur-
viving her.   On February 9, 1895, said surviving husband was
appointed administrator of her estate, and during the course of
administration, before any accounting had been had, he died.

His daughter by a former marriage, the plaintiff in the action, was thereupon duly appointed the administratrix of his estate, and has brought this suit against the defendant, Bertha A. Smith, the daughter of his deceased wife, Eliza M. Vance, by a former marriage, who has been duly appointed administratrix of her said mother's estate, for the purpose of having a court of equity settle the account of S. L. Vance, while acting as such administrator prior to his death.

In settling the accounts the court found that said S. L. Vance, deceased, in his lifetime, as administrator of the estate of Eliza M. Vance, deceased, had in his hands as such administrator, and belonging to said estate, a balance due of money on hand, $1,093; personal property—watch and chain, $10; trinkets, $1.50, making $11.50; in all, $1,104.50; and thereupon judgment was rendered, "that the defendant Bertha A. Smith, as administratrix of the said estate of Eliza M. Vance, deceased, have judgment against the plaintiff Clara M. Vance, as administratrix of the estate of S. L. Vance, deceased, for the sum of $1,093," and also that the said defendant have judgment against the said plaintiff that said plaintiff deliver to the defendant said personal property and trinkets, or their value in the sum of $11.50.

The appellant makes the point that the evidence is insufficient to justify the decision of the court in finding the amount on hand by S. L. Vance at the time of his death, and especially as to $1,000 collected by him from the Tuscola Benefit and Building Association, in Illinois. That money was collected on the following order:

"Selma, Cal., Sept. 13, 1894.
"Tuscola Benefit & Building Association.

"Please pay my husband, S. L. Vance, the stock that is to my credit in your hands after its maturity, and oblige,

"Yours,

"E. M. VANCE."

It is claimed on the part of appellant that this is an assignment of that stock, and that it and the proceeds thereof belonged to the said S. L. Vance thereafter as his property. Said Eliza M. Vance, as already stated, died the following month, and before said order was presented said S. L. Vance was appointed

her administrator. The officers of the bank, it appears, refused to treat the said Vance as the owner of said stock, and refused to pay over the said proceeds, to wit, $1,000, to him individually, and only paid it over when he presented a certified copy of his letters of administration on his wife's estate, and he received the money from the association and gave a receipt as such administrator of the estate of Eliza M. Vance, deceased.

The court below evidently, as it should have done, treated the paper as not an assignment, but simply an order. Without considering the evidence in detail, it is enough to say that, as shown by the record, there is sufficient to support the findings of the court.

It is also objected by the appellant that the court erred in overruling plaintiff's demurrer to the so-called cross-complaint of the defendant. The minute order of the court, as shown by the record, September 23, 1896, reads: "It is ordered that the demurrer of the plaintiff to the cross-complaint of the defendant be and it is hereby sustained, and said defendant is hereby granted ten days in which to amend." Upon November 17, 1896, another minute order shows that the demurrer of the plaintiff to the amended cross-complaint of defendant was overruled, but there nowhere appears in the record any amended cross-complaint.

It seems, however, that counsel and the court below tried the case upon the complaint and answer without regard to the so-called cross-complaint. And the denials in the answer and the affirmative matters set up therein are sufficient to justify and support the findings of the court in reference to the account; and therefore the said so-called cross-complaint may be rejected as mere surplusage.

The appellant makes the further point that the judgment is erroneous, in that it does not provide that it should be paid in due course of administration. As S. L. Vance, who in his lifetime was administrator of the estate of Eliza M. Vance, died without having made any accounting in the probate court, this action was brought to have his said account settled; and, as the result of settling said account, the court rendered judgment against the plaintiff, as his administratrix, for the amount ascertained to be due, but failed to direct how or by whom such judg-

ment should be paid. By section 1504 of the Code of Civil Procedure it is provided: "A judgment rendered against an executor or administrator, upon any claim for money against the estate of his testator or intestate, only establishes the claim in the same manner as if it had been allowed by the executor or administrator and a judge; and the judgment must be that the executor or administrator pay in due course of administration the amount ascertained to be due." We think the point made by appellant in this respect is well taken.

In this case it will not be necessary to order a new trial.

The cause is remanded to the court below, with instructions to modify the judgment by adding thereto the following: "And that said judgment be paid in due course of administration"; and as so modified the judgment is affirmed—appellant to have costs on this appeal.

Harrison, J., and Garoutte, J., concurred.

Hearing in Bank denied.