[S. F. No. 2113. Department One. — April 30, 1901.]

CLARA M. VANCE, Administratrix, etc., Appellant, v. BERTHA A. SMITH, Administratrix, etc., Respondent.

ESTATES OF DECEASED PERSONS — ACCOUNTS OF DECEASED ADMINISTRA-TOR — JUDGMENT — MODIFICATION UPON APPEAL — RES ADJUDICATA — JURISDICTION. — Where a judgment upon an accounting of the estate of a deceased administrator, with the estate of which he had been administrator, established a certain total sum as due from him to the estate represented by him, including the determined value of certain articles of personal property specified in the·judg-ment, and the judgment was modified upon appeal by making such total sum payable out of his estate, the judgment as so modified is a final adjudication of the rights of the parties, and the superior court is without jurisdiction to order the delivery to the estate of the specific articles named in the judgment, or to make any further judgment or order.

APPEAL from an order of the Superior Court of Fresno County requiring the delivery of articles of personal property by the administratrix of a deceased administrator. E. W. Risley, Judge.

The facts are stated in the opinion of the court.

L. L. Cory, and E. E.. Shepard, for Appellant.

George B. Graham, for Respondent.

VAN DYKE. J. — In February, 1895, S. L. Vance was appointed administrator of the estate of his deceased wife, Eliza M. Vance, but died before any accounting had. For the purpose of having his account as administrator of the said estate settled, the plaintiff, as administratrix on his estate, brought this action, in the nature of a suit in equity, against Bertha A. Smith, the daughter of his deceased wife, Eliza M. Vance, by a former marriage, and who had been appointed administratrix of her mother's estate. On the hearing of the case, the court below found that said S. L. Vance, deceased, had in his hands, as administrator, and belonging to the estate of his deceased wife, Eliza M. Vance, a balance, in money, of $1,093, and personal property, a watch and chain,

and some trinkets, amounting to $11.50,— in all, $1,104.50,— and thereupon the court entered judgment in favor of the defendant as administratrix of the estate of Eliza M. Vance, and against the plaintiff as administratrix of the estate of S. L. Vance, for said sum, but failed to direct how or by whom such judgment should be paid. On appeal to this court the cause was remanded, with directions to modify the judgment by adding thereto the following: "And that said judgment be paid in due course of administration," and as so modified the judgment was affirmed. (*Vance* v. *Smith*, 124 Cal. 219.) Upon the *remittitur* going down, the court below, June 6, 1899, on motion of the defendant, and after hearing the parties, entered an order directing "the plaintiff, Clara M. Vance, as administratrix of the estate of S. L. Vance, deceased, to pay to the defendant, Bertha A. Smith, as administratrix of the estate of Eliza M. Vance, deceased, the amount of the judgment heretofore given and entered in said action in favor of said defendant and against said plaintiff for the sum of $1,093, with interest thereon at the rate of seven per cent per annum from June 12, 1897, on or before the twelfth day of June, 1899, and said plaintiff is further ordered to deliver to said defendant on or before the twelfth day of June, 1899, one certain bird-cage, certain trinkets, and one watch and chain, all of which are named and specified in said judgment." The present appeal is taken from this order.

The vice of the judgment from which the former appeal was taken was, that it appeared to have been rendered against the plaintiff as administrator, and failed to direct that it be paid out of the estate in due course of administration, and for that reason the cause was remanded, with specific directions to modify the judgment accordingly, and when so modified the judgment was affirmed.

"A judgment rendered against an executor or administrator, upon any claim for money against the estate of his testator or intestate, only establishes the claim in the same manner as if it had been allowed by the executor or administrator and a judge; and the judgment must be that the executor or administrator pay, in · due course of administration, the amount ascertained to be due." (Code Civ. Proc., sec. 1504.)

The judgment, as modified according to directions, was a final adjudication of the rights of the parties in this action, and the court was without jurisdiction to make any further

judgment or order. (*Barry* v. *Superior Court*, 91 Cal. 486; *White* v. *White*, 130 Cal. 597,[1] and cases cited.)

Order appealed from reversed.

Harrison, J., and Garoutte, J., concurred.

Hearing in Bank denied.