[S. F. No. 2395.    Department Two.—September 25, 1903.]

## In the Matter of the Estate and Guardianship of LAURA N. WELLS, a Minor.

GUARDIAN AND WARD—SETTLEMENT OF ACCOUNTS—PETITION TO VACATE ORDERS FOR FRAUD—EQUITY JURISDICTION—APPEAL FROM DECREE.— A petition by a ward after majority, to set aside orders settling the accounts of the guardian for alleged fraud in his accounts, and in omitting to account for moneys received, though entitled in the matter of the estate, will be deemed a bill in equity, of the subject-matter of which the superior court has jurisdiction, as a court of equity, where the pleadings on both sides are drafted in effect as they would be in a suit in equity, and the findings and decree are such as would follow the trial of such an action, and the defendant waived objection to the jurisdiction of his person by answering the petition.    An appeal from the decree in such case will be deemed to be taken, not from a probate order, but from a decree in equity.

ID.—JUDGMENT-ROLL—DOCUMENTS NOT AUTHENTICATED.—Upon an appeal in such case taken from the judgment-roll, documents inserted in the transcript which are not part of the judgment-roll, and are not authenticated by any bill of exceptions, cannot be considered.

ID.—INSUFFICIENT PETITION—SPECIAL DEMURRER.—Where the allegations of the petition of the ward relative to overcharges in the accounts of the guardian are of the most general character; and where no facts or circumstances constituting the fraud alleged are stated, but it is merely charged that the guardian fraudulently and wrongfully charged given sums; and where there is no particularity in the averments concerning the guardian's failure to credit the ward for services rendered, and no averment that the ward rendered services, or as to the nature of them, and the averments related to items embraced in and disposed of in former accounts,— a special demurrer to the petition should have been sustained.

ID.—SUPPORT OF JUDGMENT — INSUFFICIENT FINDINGS.—Where the court made no findings upon the issue of fraud, nor that the guardian received any money belonging to the ward's estate for which he did not account, and the only items of account dealt with in the findings are exclusively those contained in the settled accounts, the findings are insufficient to sustain a judgment modifying the accounts.

ID.—REVIEW OF SETTLED ITEMS OF ACCOUNT—CONCLUSIVENESS OF ORDER —JURISDICTION OF COURT.—The court had no power to re-examine and revise settled items of the guardian's former accounts, nor to reduce the settled compensation for services of the guardian, which

had been previously examined and passed upon and approved by the court. As to the items so passed upon, the orders settling the accounts in which they were contained were final and conclusive.

APPEAL from a judgment of the Superior Court of Santa Clara County. M. H. Hyland, Judge.

The facts are stated in the opinion of the court.

Charles H. Hogg, for Appellant.

The petition was insufficient as against the demurrer thereto. Facts constituting fraud must be alleged. (*Albertoli* v. *Branham*, 80 Cal. 631;[1] *Spring Valley Water Works* v. *San Francisco*, 82 Cal. 286;[2] *Wickersham* v. *Comerford*, 104 Cal. 494.) The settlement of previous accounts was final and conclusive. (Code Civ. Proc., secs. 1637, 1908; *Tobelman* v. *Hildebrandt*, 72 Cal. 313; *Smith* v. *Biscailuz*, 83 Cal. 344; *Washington* v. *Black*, 83 Cal. 290; *Lataillade* v. *Orena*, 91 Cal. 565;[3] *In re Couts*, 87 Cal. 480; *Trumpler* v. *Cotton*, 109 Cal. 250; *Estate of Fernandez*, 119 Cal. 579.) The findings are insufficient. They do not pass upon the issues nor sustain the conclusion of law. (*Perkins* v. *West Coast L. Co.*, 120 Cal. 27; *Overacre* v. *Blake*, 82 Cal. 77.)

William A. Bowden, for Respondent.

Section 1637 of the Code of Civil Procedure is not applicable to guardians' accounts. (*Guardianship of Cardwell*, 55 Cal. 137; *Mead* v. *Bakewell*, 8 Mo. App. 549.) The burden is on the guardian to show that he was fair and honest in his accounts. (*Wainwright* v. *Smith*, 106 Md. 239.) In the absence of the evidence it will be assumed that findings were justified by the evidence. (*Guardianship of Curtis*, 121 Cal. 468.) The record upon appeal is not properly authenticated, and error is not shown. (*Herrlick* v. *McDonald*, 80 Cal. 474; *Somers* v. *Somers*, 81 Cal. 608; *Melde* v. *Reynolds*, 120 Cal. 237.)

LORIGAN, J.—The appellant was the guardian in the matter of the above estate; and on November 15, 1892, filed the

---

[1] 13 Am. St. Rep. 200.  [3] 25 Am. St. Rep. 219.
[2] 16 Am. St. Rep. 116.

first account of his guardianship, which was thereafter duly approved. On December 22, 1897, his ward having attained her majority, he filed his final account, which on January 7, 1898, was likewise settled and approved.

On January 7, 1899, the ward filed a petition in the superior court entitled "In the matter of said estate," to set aside the orders theretofore made settling said accounts, and to reopen both of the accounts of said guardian, on the ground of fraud, alleging in that behalf, that the guardian had fraudulently failed to report in his accounts for large sums of money received as rents of her property, and that in the accounts he did file he had made several wrongful overcharges against her, and failed to give her credit for services rendered him during her minority.

The appellant demurred to the petition generally and specifically, on the grounds that it did not state a cause of action, and was ambiguous, uncertain, and unintelligible in many particulars. The demurrer was overruled, the appellant answered, and after trial the court made findings and a decree in favor of the ward, from which decree the guardian appeals.

It is contended by respondent that the record on appeal cannot be considered, because it is not sufficiently authenticated. If this was simply an appeal from an order in probate, the point would be well made. We think, however, it is properly to be considered as an appeal from a decree in equity, and is before us on the judgment-roll (a matter we will consider more particularly when we come to a discussion of the findings), which, while not authenticated in the most approved form, yet is sufficiently so to fill the legal requirement. Respondent's objection is, however, pertinent to certain documents which were inserted in the record. They are not authenticated by incorporation in any bill of exceptions, and cannot be considered by us for any purpose. Examining, then, the judgment-roll alone, we think at least the demurrer, specially interposed, should have been sustained. All the allegations in the petition relative to the overcharges in the account filed are of the most general character. No facts, or circumstances, constituting fraud as to these matters are stated; the pleader contents himself with averring that the guardian "fraudulently and wrongfully" charged given

sums. It is nowhere alleged in what particulars the charges were fraudulent or wrongful, neither is there any statement as to what these charges consisted of, nor where they were to be found in the account. Neither is there any particularity in the averments concerning the guardian's failure to credit his ward for services rendered; nor allegation that the ward ever rendered any, or, if she did, when, or where, or the nature of them. Aside from this, all these allegations appear to relate entirely to matters which were embraced in, and disposed of, by both accounts, a point, however, which will be discussed later on.

These averments, on the whole, are too general, and cannot be sustained against an attack by special demurrer.

Neither do we think the decree is supported by the findings. Respondent insists that, as findings are not necessary in settling accounts in probate, such findings are not to be considered on this appeal. This, however, is not strictly the settlement of an account in probate. It is in the nature of an action in equity, to set aside the order settling the account of the guardian for fraud, and to compel a proper accounting, The petition, it is true, is entitled "In the matter of the estate and guardianship of Laura N. Wells, a minor," but while so entitled, the pleadings on both sides are drafted, in effect, as they would be in a suit directly in equity to set aside the order settling the account, and the findings and decree made and entered are such as would follow the trial of such an action. While it is further true that the probate and equity jurisdiction of the superior court are separate and distinct, yet the same tribunal exercises them both. In the matter at bar no objection was raised to the form of the petition, and appellant waived any objection to the jurisdiction of his person by answering it.

As the court, then, obtained jurisdiction of the person and had jurisdiction of the subject-matter, the petition will be deemed a bill in equity, invoking the equitable powers of the court, notwithstanding the form in which it is entitled. (*Estate of Thompson,* 101 Cal. 353; *Estate of De Leon,* 102 Cal. 541; *In re Clary,* 112 Cal. 294.)

Considered, then, as such a bill, under which issues of fact were joined by the parties, the lower court properly made findings thereon which must be reviewed on this appeal.

The gist of the petition, and the principal issue in the case, was as to fraud upon the part of the guardian in failing to account to the court, or his ward, for moneys—rents—belonging to the ward's estate. In fact, this was the only ground upon which, in this case, the lower court could acquire jurisdiction.

There is, however, in the findings nothing whatever upon this subject; no finding at all on the issue of fraud; no finding that the guardian ever received any money for which he did not account. And the only items of account between the guardian and the ward, which the court deals with in the findings, are exclusively those contained in the settled accounts. There is no finding, even assuming that these were open to reconsideration by the court, that any of them were, in fact, fraudulent, unjust, or improper.

The court, however, had no power to review these matters.

They were all items—charges for board, lodging, music, books, stationery, including also compensation allowed by the court to the guardian for his services as such—which were embraced in the former accounts. These the court re-examined and revised, making deductions from the allowances previously made for them, and reducing the guardian's compensation. This was clearly beyond the power of the court. All these items had been previously examined and passed on by the court, and the accounts which contain them settled and approved. As to these matters, the orders settling the accounts, in which they were contained, were final and conclusive. (*Brodrib* v. *Brodrib,* 56 Cal. 564, 566; *Lataillade* v. *Orena,* 91 Cal. 576;[1] *Estate of Adams,* 131 Cal. 417; *Estate of Grant,* 131 Cal. 429.)

For the foregoing reasons we think the court erred in overruling the demurrer, and are equally satisfied that the findings do not support the decree, which is, therefore, reversed, and the cause remanded.

McFarland, J., and Henshaw, J., concurred.

[1] 25 Am. St. Rep. 219.