[L. A. No. 2332. In Bank.—February 25, 1911.]

CHARLES W. KING, as Administrator with the Will Annexed of the Estate of Cornelia A. Chase, Deceased, Respondent, v. CHARLES A. CHASE, Executor of the Estate of Levi Chase, Deceased, and CHARLES A. CHASE, Appellants.

ESTATE OF DECEASED PERSONS—ACCOUNTING BY PERSONAL REPRESENTATIVE OF DECEASED EXECUTOR—JURISDICTION IN EQUITY ABOLISHED BY SECTION 1639 OF CODE OF CIVIL PROCEDURE.—Since the enactment, in 1905, of section 1639 of the Code of Civil Procedure, empowering the superior court sitting in probate, to compel the personal representatives of a deceased executor or administrator to render an account of the administration of their testator or intestate, and to settle such account as in other cases, an action in equity will not lie to compel the executor or administrator of a deceased executor or administrator to settle the account of his testator or intestate with the estate in which the decedent had been acting.

ID.—JURISDICTION IN SUPERIOR COURT IN PROBATE—CONSTITUTIONAL LAW.—The jurisdiction granted by section 1639 of the Code of Civil Procedure, to the superior court in which the estate was being administered of which the decedent was executor or administrator, is a power which may, under section 5 of article VI of the constitution, be conferred upon the superior court as a "matter of probate."

ID.—PRIOR EQUITABLE JURISDICTION LOST BY CREATION OF PROBATE JURISDICTION.—Prior to the enactment, in 1905, of section 1639 of the Code of Civil Procedure, the power of a court in equity to compel such an accounting was based solely on the lack of any statutory method of accomplishing the same end by a proceeding in probate. Now that this lack has been remedied, the foundation of the equity jurisdiction is gone.

ID.—JUDGMENT FOR ACCOUNTING IN ACTION IN EQUITY.—DUAL JURISDICTION OF SUPERIOR COURT.—The fact that the superior court exercises both equitable and probate jurisdiction, will not warrant the upholding of a judgment for an accounting, rendered against an executor of a deceased executor in an action in equity brought after the enactment of said section 1639, where such executor, at the time he accounted in such action, objected to the jurisdiction of the court to compel him to account therein.

APPEAL from a judgment of the Superior Court of San Diego County and from an order refusing a new trial. N. H. Conklin, Judge.

The facts are stated in the opinion of the court.

James E. Wadham, Wadham & Pritchard, and Stearns & Sweet, for Appellants.

Davis, Kemp & Post, and Patterson Sprigg, for Respondent.

SLOSS, J.—Cornelia A. Chase died on January 23, 1896, leaving a will wherein her husband, Levi Chase, was appointed executor. The will was admitted to probate in the superior court of San Diego County, and letters testamentary issued to the executor named. Levi Chase entered upon the performance of his duties as executor, and continued to act as such until his death, which occurred on May 30, 1906. Thereafter the defendant Charles A. Chase offered for probate the will of Levi Chase. The will was duly admitted to probate, and letters testamentary thereon issued to said Charles A. Chase. In August, 1906, the court in which the administration of Cornelia A. Chase's estate was pending, appointed Charles W. King administrator with the will annexed, of said estate.

This action was begun by King, as such administrator, against Charles A. Chase, as executor of the will of Levi Chase, and individually, to obtain an accounting of the property belonging to the estate of Cornelia A. Chase, which came to the possession of defendant as executor of the will of Levi Chase, and for the recovery of such property when ascertained and determined.

The complaint alleges that the estate of Cornelia A. Chase consisted of a large amount of money, real estate, and personal property, which was, prior to the death of the said Levi Chase, in his possession, as executor of said Cornelia A. Chase, and that upon the death of Levi Chase, said money, real estate, and personal property passed into the possession and control of Charles A. Chase, executor of the will of Levi Chase. These allegations, denied by the answer, were found to be true by the court, which thereupon made an interlocutory order requiring the defendant executor to make, within thirty days, an accounting of the executorship of Levi Chase, as executor of the last will of Cornelia A. Chase. An account was filed accordingly, and the court made further findings, to the effect that at the time of the death of Levi Chase, there

was in his possession as executor of his wife's will the sum of $17,599.02, which sum passed into the possession and control of Charles A. Chase, as executor of the will of Levi Chase. There are similar findings concerning certain items of specific personal property, consisting of jewels and securities. A judgment was entered, requiring the defendant Charles A. Chase, as executor, to turn over and deliver to plaintiff, as administrator, the specific· personal property remaining in his hands, and that plaintiff have and recover judgment against defendant executor for the sum found to be in his possession.

The defendant, as executor, appeals from the judgment and from an order denying his motion for a new trial.

This action was commenced after the enactment of section 1639 of the Code of Civil Procedure in its present form. It is in the nature of a bill in equity to compel a rendition and settlement of the accounts of a deceased executor. Prior to 1905, when section 1639 was adopted, the statutes of this state contained no provision authorizing the superior court sitting in probate to settle such accounts. Nor was any such power conferred on the probate court, as that court existed under the constitution of 1849. For this reason, it was uniformly held that a bill in equity to compel the executor or administrator of an executor or administrator to settle the account of his testator or intestate with the estate in which the decedent had been acting, was the appropriate, as it was the only, procedure. (*Bush* v. *Lindsey,* 44 Cal. 121; *Chaquette* v. *Ortet,* 60 Cal. 594; *In re Thompson,* 101 Cal. 349, [35 Pac. 991, 36 Pac. 98, 508]; *Vance* v. *Smith,* 124 Cal. 219, [56 Pac. 1031]; *Slater* v. *McAvoy,* 123 Cal. 437, [56 Pac. 49]; *Zurfluh* v. *Smith,* 135 Cal. 644, [67 Pac. 1089]; *Guardianship of Wells,* 140 Cal. 349, [73 Pac. 1065].) The power of a court of equity to entertain a suit of this character is, in these cases, based upon the very ground that there is no other method of compelling the accounting. Thus, in *Bush* v. *Lindsey,* 44 Cal. 121, the court said: "We are referred to no provision of the probate act which authorizes the probate court to cite the administrator of an administrator to settle the account of his intestate with the estate of which he was the administrator, and, after a careful examination of the act, we find none which· confers that authority. The power must be lodged in some tribunal to require such an account

to be taken and settled; and if the probate court does not possess it, it must reside in the district court, as a branch of its equitable jurisdiction." So, in *Chaquette* v. *Ortet,* 60 Cal. 594, the court states that "there is no provision of the statute providing for the settlement of the account of an administrator who dies before rendering an account. It is because of the absence of such statutory provision, that the right and duty to compel such accounting belongs to a court of equity."

It would seem, therefore, that upon the enactment of a statute giving to the court sitting in probate the power and duty of compelling an accounting in such cases, the occasion and ground for the interposition of a court of equity must have ceased. Such a statute came into being by the adoption, in 1905, of section 1639 of the Code of Civil Procedure, reading as follows: "If any executor or administrator dies, his accounts may be presented by his personal representatives to, and settled by, the court in which the estate of which he was executor or administrator is being administered, and, upon petition of the successor of such deceased executor or administrator, such court may compel the personal representatives of such deceased executor or administrator to render an account of the administration of their testator or intestate, and must settle such account as in other cases." (There had been a prior section of the same number, but this was, at the session of 1905, repealed and re-enacted as section 1527 [Stats. 1905, p. 242].) While the power of the court, sitting in probate, was limited, under the pre-existing law, to a settlement of the accounts of a living administrator or executor, this statute extends the authority to cover the entire field of accounting by executors or administrators, so long as the estate itself remains subject to the jurisdiction of the court. That this is a wise and reasonable provision is not to be doubted. The court which has taken charge of the administration of the estate of a decedent is the proper forum for the determination of all questions incidental to that administration. The settlement of the accounts of the personal representative appointed to conduct the administration is one of the principal functions of the probate court. It certainly conduces to simplicity and an orderly direction of the affairs of a decedent if the entire subject of the relations between the estate and the trustee

appointed to manage the administration is placed in the hands of a single court and forms a single proceeding. The jurisdiction granted by section 1639 is, we have no doubt, a power which may, under section 5 of article VI of the constitution, be conferred upon the superior court as a "matter of probate." The constitution does not declare what shall constitute the "matters of probate" which are placed within the jurisdiction of the superior court. The extent of this grant has been defined by the sections of the Code of Civil Procedure laying down a minute and elaborate system for the settlement and distribution of the estates of decedents. Any provision coming fairly within the scope of such system, as the same has existed in this state before and since the adoption of the present constitution, is included within the phrase "matters of probate." In *Toland* v. *Earl,* 129 Cal. 148, [79 Am. St. Rep. 100, 61 Pac. 914], this court gave extended consideration to the nature of our probate jurisdiction; and reached the conclusion that the creation of a probate proceeding for the settlement of all questions relating to the distribution and settlement of the estate is exclusive of the power of a court of equity to entertain a bill for the adjudication of the very matters committed to the court in probate. There the complainant, administrator, sought a decree "for the purpose of having the probate court instructed as to what distribution shall be made of the estate under the will." It was held that the action should be dismissed, as it sought to control the probate court in the determination of questions placed in its jurisdiction. The same principle applies here. The settlement of the account of the deceased executor is now, by the terms of section 1639, placed in the hands of the court sitting in probate. The power of the court in equity to require such settlement has been ended. Such power, when it did exist, was based solely on the lack of any statutory method of accomplishing the same end by proceeding in probate. Now that this lack has been remedied, the foundation of the equity jurisdiction is gone.

It is urged that, inasmuch as the equity and the probate jurisdictions are exercised by the same court, it is unimportant that the proceeding is entitled as an original action, rather than as a step in the administration of Cornelia A. Chase's estate. It has been held in this court that where a bill in

equity was the proper practice, a proceeding entitled "in the matter of the estate" would be upheld, where the pleadings contained the necessary allegations to entitle the moving party to relief in equity, more particularly where no objection to the procedure had been raised in the court below. (*In re Thompson,* 101 Cal. 353, [35 Pac. 991, 36 Pac. 98, 508] ; *In re DeLeon,* 102 Cal. 537, [36 Pac. 864] ; *In re Clary,* 112 Cal. 292, [44 Pac. 569] ; *In re Wells,* 140 Cal. 349, [73 Pac. 1065].) But, in the first place, the appellant here did not appear and account without objection. The account filed by him expressly declared that it was rendered pursuant to the order of the court, and "without waiving any of the rights of said defendant to object to the jurisdiction, power and authority of this court to make such order to so account." Furthermore, while a petition bearing the title of a probate proceeding may well contain all the essential averments of a bill in equity, it can hardly be said that this action, binding only the parties to it, is the equivalent of the probate proceeding for the settlement of an account. That is a proceeding in *rem,* after notice (Code Civ. Proc., sec. 1633) to all persons interested. (Code Civ. Proc., sec. 1626.)

For these reasons, regardless of other points urged by the appellant, it must be held that the court below was without power to entertain this proceeding.

The judgment and order appealed from are reversed, and the superior court is directed to dismiss the action.

Angellotti, J., Melvin, J., Henshaw, J., and Beatty, C. J., concurred.