[Civ. No. 5690. Second Appellate District, Division Two.—February 1, 1929.]

HAROLD TURNEY, Administrator, etc., Respondent, v. MAUD S. SHATTUCK, Appellant.

Walters & Mauk for Appellant.

Andrew J. Copp, Jr., for Respondent.

STEPHENS, J., *pro tem.*—The defendant in this case was named in the will of Nicholas John Steiner as executrix, without bond, and shortly after the death of Steiner she was duly appointed to that office and qualified on June 20, 1917. On February 25, 1924, citation issued commanding the

executrix to appear May 9, 1924, and show cause why she should not be removed. Her powers were suspended in the order for the citation. On June 2, 1924, she was removed by order of the superior court sitting in probate. On August 1, 1924, Rev. Harold Turney was appointed administrator with the will annexed. He is the plaintiff and respondent herein. On September 16, 1924, said administrator caused a citation to issue by which the defendant was directed to appear in probate court on October 17, 1924, to show cause why she should not be examined as to property belonging to the estate and fraudulently disposed of by her while executrix. On October 30, 1924, the removed executrix filed her account in probate, and on the third day of December, 1924, filed a supplemental account. On November 24, 1924, the administrator with the will annexed filed exceptions to such account. There were several sessions upon the hearing of the report, running from the latter part of October to November 21, all in 1924. Settlement thereof was submitted. The administrator appeared at these hearings and interposed objections to items in the report. The report showed on its face that the executrix had received $248.41 more than she had expended in the estate. During the period of these hearings, and before November 1, 1924, the administrator demanded of appellant that all property of the estate be turned over to him. No assets of the estate of any kind were ever turned over to him, and on November 1, 1924, he filed a suit in the superior court for money had and received, and demanded $2,366.82. On the sixteenth day of July, 1926, the removed executrix's account was settled, showing that $850.91 was the sum of unexpended funds which should be in her hands. The case went to trial on the twenty-third day of June, 1926. Thereafter it was continued to July 26, 1926, when the cause was submitted with permission tentatively granted to plaintiff to file a supplemental amended complaint setting up the settlement of the account. On August 19, 1926, a supplemental complaint was filed setting up, among other allegations, the facts as to settlement of account on July 16, 1926, and prayed for the amount therein determined and double thereof.

Subsequently the court found for the plaintiff in the sum of $850.91. Defendant appeals.

■ The parties agree in their briefs that the sole question for this court to decide is whether or not the cause was prematurely brought. The appellant (defendant below) presented her objection to all testimony on the ground that the whole matter was pending in the same court as a probate proceeding and that the probate proceeding was exclusive until the account of the removed executrix had been settled. Some evidence on this point was excluded by the court and some admitted, but at all times under the comment of the court that it was of the same opinion as counsel making such objection. Respondent's counsel asked that such testimony be admitted on the ground that the removed executrix was no longer in a representative capacity and that the administrator with will annexed could pursue estate money converted by the removed executrix by direct suit. At the conclusion of plaintiff's case defendant moved for a nonsuit, which was denied. Defendant then rested without offering any evidence.

We are of the opinion that appellant was right in her contentions and that the settlement of the account in probate was necessary before suit would lie:

Before the establishment of the superior court, which embraces within its jurisdiction suits at law and in equity and special proceedings, the powers of the probate court were comparatively limited, and the probate courts of many eastern states remain so to this day. Because of this fact cases arising in California before the change and later eastern cases are often quoted to show numerous instances where equity steps in to aid the probate proceedings. The cases of *Burris* v. *Kennedy,* 108 Cal. 331 [41 Pac. 458], *Heydenfeldt* v. *Superior Court,* 117 Cal. 348 [49 Pac. 210], and *Toland* v. *Earl,* 129 Cal. 148 [79 Am. St. Rep. 100, 61 Pac. 914], treat this phase of the question exhaustively and review the leading cases. While it is unnecessary to decide herein whether or not this case would have been proper under the system of the old district court and separate court for probate proceedings, it is interesting to note the case of *Allen* v. *Tiffany,* 53 Cal. 16, wherein the following language is used:

"The Probate Judge has exclusive jurisdiction to determine the state of accounts between the guardian and ward. The ward may agree upon a settlement with the guardian,

subject to the approval of the Probate Judge, or may apply for a citation compelling the guardian to settle his accounts before the Probate Judge. But to hold that prior to such accounting before the Probate Judge, or to his order approving the settlement *in pais,* the ward may bring suit in the District Court for a supposed balance, would destroy the symmetry and efficiency of the system furnished by our law for the appointment and conduct of guardians of infants." (See *Graff* v. *Mesmer,* 52 Cal. 636; *Weihe* v. *Statham,* 67 Cal. 84 [7 Pac. 143].)

The point at issue is placed beyond doubt by the language of Mr. Justice Sloss in *King* v. *Chase,* 159 Cal. 420 [115 Pac. 207], a case in which a second personal representative sought an accounting from the executor of his predecessor. Quoting at length from the opinion:

"This action was commenced after the enactment of section 1639 of the Code of Civil Procedure in its present form. It is in the nature of a bill in equity to compel a rendition and settlement of the accounts of a deceased executor. Prior to 1905, when section 1639 was adopted, the statutes of this state contained no provision authorizing the superior court sitting in probate to settle such accounts. Nor was any such power conferred on the probate court, as that court existed under the constitution of 1849. For this reason, it was uniformly held that a bill in equity to compel the executor or administrator of an executor or administrator to settle the account of his testator or intestate with the estate in which the decedent had been acting, was the appropriate, as it was the only, procedure. (*Bush* v. *Lindsey,* 44 Cal. 121; *Chaquette* v. *Ortet,* 60 Cal. 594; *In re Thompson,* 101 Cal. 349 [35 Pac. 991, 36 Pac. 98, 508]; *Vance* v. *Smith,* 124 Cal. 219 [56 Pac. 1031]; *Slater* v. *McAvoy,* 123 Cal. 437 [56 Pac. 49]; *Zurfluh* v. *Smith,* 135 Cal. 644 [67 Pac. 1089]; *Guardianship of Wells,* 140 Cal. 349 [73 Pac. 1065].) The power of a court of equity to entertain a suit of this character is, in these cases, based upon the very ground that there is no other method of compelling the accounting. Thus, in *Bush* v. *Lindsey,* 44 Cal. 121, the court said: 'We are referred to no provision of the probate act which authorizes the probate court to cite the administrator of an administrator to settle the account of his intestate with the estate of which he was the administrator, and, after a careful exam-

ination of the act, we find none which confers that authority. The power must be lodged in some tribunal to require such an account to be taken and settled; and if the probatê court does not possess it, it must reside in the district court, as a branch of its equitable jurisdiction.' So, in *Chaquette* v. *Ortet,* 60 Cal. 594, the court states that 'there is no provision of the statute providing for the settlement of the account of an administrator who dies before rendering an account. It is because of the absence of such statutory provision that the right and duty to compel such accounting belongs to a court of equity.'

"It would seem, therefore, that upon the enactment of a statute giving to the court sitting in probate the power and duty of compelling an accounting in such cases, the occasion and ground for the interposition of a court of equity must have ceased. Such a statute came into being by the adoption, in 1905, of section 1639 of the Code of Civil Procedure, reading as follows: 'If any executor or administrator dies, his accounts may be presented by his personal representatives to, and settled by, the court in which the estate of which he was executor or administrator is being administered, and, upon petition of the successor of such deceased executor or administrator, such court may compel the personal representatives of such deceased executor or administrator to render an account of the administration of their testator or intestate, and must settle such account as in other cases.' "

While the whole opinion in *King* v. *Chase* may be read with profit in connection with the matter before us, we shall resist a temptation, in the interests of brevity, to quote further from it.

If the facts of the instant case were substituted for the facts in the quoted case, and section 1629 of the Code of Civil Procedure, which covers the proceeding before us, were substituted for section 1639 therein, the reasoning would be conclusive in the instant case. Section 1629 reads as follows:

"When the authority of an executor or administrator ceases, or is revoked for any reason, he may be cited to account before the court, at the instance of the person succeeding to the administration of the same estate, in like manner as he might have been cited by any person interested in the estate during the time he was executor or administrator."

See *In re Philbrook,* 47 Cal. App. 679 [191 Pac. 77], and *Estate of Clary,* 71 Cal. App. 22 [234 Pac. 851], where Mr. Justice Hart exhaustively reviews the authorities. Also, see *Bauer* v. *Bauer,* 201 Cal. 267 [256 Pac. 820].

Lord Redesdale said in *Bateman* v. *Willoe,* 1 Schoale & L. 201: "I do not know that equity ever does interfere to grant a trial of a matter which has already been discussed in a court of law, a matter capable of being discussed there, and over which the court of law had full jurisdiction.

Respondent argues that the court is impotent to enforce its orders in the probate proceedings, but there is nothing in this point, as will appear from the cases hereinabove cited and the following cases: *Philbrook* v. *Randall,* 195 Cal. 95 [231 Pac. 739]; *In re Clary,* 112 Cal. 292 [44 Pac. 569]; *Cook* v. *Ceas,* 143 Cal. 221 [77 Pac. 65]; *Elizalde* v. *Murphy,* 4 Cal. App. 114 [87 Pac. 245]; *Ex parte Smith,* 53 Cal. 204; sec. 1628, Code Civ. Proc. It may also be noted that the accounting in probate proceedings was availed of by respondent by citation at his instance and request and also by objections at the hearing on the account, but he also proceeded in an independent suit before administration of the matters submitted to the court in probate. Certainly he was not entitled to have a plurality of independent inquiries on the same subject in the same court at the same time; or, as was said in *Toland* v. *Earl, supra:* "Why should Judge Coffee, sitting in probate, be instructed by Judge Coffee, sitting in a case in equity brought for that purpose?"

Having arrived at the conclusion that the accounting was not proper outside of the probate proceeding, it will be seen that the original suit was prematurely brought. This was the contention of appellant and the trial court apparently adhered to the same conclusion throughout the trial.

 Subsequently to the beginning of the trial in the instant case, and before its conclusion, the probate court settled the account, and the trial court admitted evidence thereof over appellant's objection. He then allowed an amended supplemental complaint to be filed to conform to proof on this subject. Appellant contends that this does not assist plaintiff for the reason that a supplemental complaint cannot aid a complaint which was prematurely filed. In other words, when the complaint in the instant case was filed the matter alleged therein was already in the exclusive

jurisdiction of the probate court and that under such circumstances the complaint never can be vivified by amendment or supplement. In this also we agree with appellant.

"Furthermore, since a supplemental pleading is proper only in aid of the case made by the original complaint, relief cannot be granted upon a supplemental complaint, where the proof shows that the plaintiff had no cause of action when his original complaint was filed. 'If a party has no cause of action at the time of the institution of his action he cannot maintain it by filing a supplemental complaint founded on matters which have subsequently occurred.' (*Wittenbrock* v. *Bellmer*, 57 Cal. 12; *Gordon* v. *San Diego*, 108 Cal. 264 [41 Pac. 301]; *Hill* v. *Den*, 121 Cal. 42 [53 Pac. 642].)" (*Imperial Land Co.* v. *Imperial Irr. Dist.*, 173 Cal. 668, 673 [161 Pac. 116, 119]; *Miles* v. *Bybee*, 59 Cal. App. 613 [211 Pac. 251].)

Even if the supplemental complaint could breathe the breath of life into a still-born cause it could not do so in the circumstances of this case because the probate court order settling the account was an appealable order and the time for appeal had not expired at the time the supplemental complaint was filed.

We do not herein consider the question as to whether or not an equitable proceeding independent of the probate court, but concerning subject matter already pending therein, would lie where the powers of the probate court would be ineffective to provide a remedy for an alleged wrong.

The judgment is reversed.

Works, P. J., and Thompson (Ira F.), J., concurred.