[Civ. No. 13485.   Second Dist., Div. Three.   Dec. 21, 1942.]

NEWTON S. BEST et al., as Administrators With the Will Annexed, etc., Appellants, v. MABEL H. COLONEUS, as Executrix, etc., Respondent.

Bertram S. Harris, Samuel A. Rosenthal and Loren A. Butts for Appellants.

Philip C. Farman and Bartlett & Kearney for Respondent.

SHINN, Acting P. J.—Plaintiffs, as administrators with will annexed of the estate of Emma S. Cone, deceased, presented a claim to defendant Mabel H. Coloneus, as executrix of the estate of Carl P. Coloneus, deceased, who had formerly acted as executor of the will of said Emma S. Cone. This action was brought to establish the validity of the claim after its rejection. Defendant's demurrer to the complaint was sustained without leave to amend and judgment of dismissal followed; plaintiffs appeal.

The claim as presented for approval read as follows:

"Estate of Carl P. Coloneus, deceased,
To Estate of Emma S. Cone, Deceased, Dr.

### I.

Moneys loaned by Emma S. Cone to The Cone Oil Company, of which C. P. Coloneus was the surviving partner, and not accounted for in the assets of The Estate of Emma S. Cone                                                    $38,750.00

### II.

Private Funds of Emma S. Cone, Deceased, deposited by Carl P. Coloneus in The Cone Oil Company account, and not accounted for in the assets of the Emma S. Cone Estate                                                              $33,600.00

### III.

Funds withdrawn by Carl P. Coloneus, as Executor of the Estate of Emma S. Cone, Deceased from said estate and paid to the Cone Oil Company, a copartnership, of which he was the surviving partner, which withdrawals were improper                                                             $29,809.33

### IV.

Cash Balance which Carl P. Coloneus, as Executor of the Estate of Emma S. Cone, Deceased, should have had at the date of his death, which should have been delivered to the Special Administrator                                      $33,132.60

    All of the Above Items Doubled by Virtue of Section 612 of the Probate Code of California                                                            $270,583.86

### V.

Unpaid Taxes of the Estate of Emma S. Cone, Deceased, for which the Executor is personally liable by virtue of Article 102 of Regulations 80 of the Internal Revenue Code of the United States of America                                           $ 50,000.00

               Total          $320,583.86"

■ Defendant states the questions presented on appeal as follows:

"Should a judgment of dismissal following the sustaining of a demurrer without leave to amend be affirmed where the complaint was filed by the administrators with the will annexed against the executrix of the deceased executor of the same estate, charging that the deceased executor failed to

account for or have in his possession certain moneys at the time of his death?

"Does the probate court have exclusive jurisdiction to settle the accounts of the representative of an estate and exclusive jurisdiction to determine the amount with which he is chargeable?"

The trial court answered the second of these questions in the affirmative and that decision, we think, was correct. An affirmative answer to the first question follows as a matter of course.

The question as to the exclusiveness of the jurisdiction of the probate court in the matter of accounting between a deceased administrator or, executor and the estate was before the court in *King* v. *Chase*, (1911) 159 Cal. 420 [115 P. 207], where it was said, at page 424: "The settlement of the account of the deceased executor is now, by the terms of section 1639, placed in the hands of the court sitting in probate. The power of the court in equity to require such settlement has been ended. Such power, when it did exist, was based solely on the lack of any statutory method of accomplishing the same end by proceeding in probate. Now that this lack has been remedied, the foundation of the equity jurisdiction is gone." The question of jurisdiction had been previously decided the same way in *Toland* v. *Earl*, (1900) 129 Cal. 148 [61 P. 914, 79 Am.St.Rep. 100], and *Stevens* v. *Superior Court*, (1909) 155 Cal. 148 [99 P. 512], and the exclusive jurisdiction of the court in probate matters of accounting has been upheld in *Turney* v. *Shattuck*, (1929) 96 Cal.App. 590 [274 P. 442]; *Estate of Clary*, (1925) 71 Cal.App. 22 [234 P. 851]; *Estate of Roach*, (1929) 208 Cal. 394 [281 P. 607]; and *Bauer* v. *Bauer*, (1927) 201 Cal. 267 [256 P. 820]. Plaintiffs rely upon the holding in *Hill* v. *Superior Court*, (1940) 16 Cal.2d 527 [106 P.2d 876], as stating a different rule or at least a qualification or exception to the rule, within which they claim their case falls. In the Hill case, which was an action by an administrator to recover money from an executor whose letters had been revoked, it was decided that the action could be maintained as to four separate causes of action, in each of which it was sought to recover upon either express or implied contracts relating to specific transactions in connection with which the defendant had promised to pay the estate definite sums of

money. The court recognized the rule as stated in *King* v. *Chase, supra,* (1911) 159 Cal. 420, and the later cases, but distinguished the facts of the Hill case, as we have stated, from cases where accounting is required. The opinion is to be read as applying to the peculiar factual situation that was before the court and not as indicating a departure from or modification of the rule declared in all of the other cases which we have cited.

It affirmatively appears from the creditor's claim upon which plaintiffs herein rely that the liability sought to be asserted against the estate is one arising by virtue of the former status of Carl P. Coloneus as executor, and that the asserted causes of action relate to funds for which he should have accounted to the estate and with which his account, presented by his executrix, could be charged upon a settlement thereof. The item of the claim founded upon the asserted failure of the deceased executor to pay federal estate taxes owing by the estate, in any view we can take of the meager facts stated in the claim, would not belong in a different category. No facts are alleged in the complaint with reference to this item which would support an action against defendant executrix upon the assumed fact that the deceased executor was accountable to the government for some tax liability of the estate.

It affirmatively appears from the complaint that the Cone estate is still under administration in the probate court. That is the proper forum and the only one for the adjudication of the claims sought to be prosecuted in this independent action.

The judgment is affirmed.

Wood (Parker), J., and Bishop, J. pro tem., concurred.